[Crim. No. 2199. In Bank.—September 5, 1918.]

In the Matter of the Application of BERT TANNER for a Writ of Habeas Corpus.

CRIMINAL LAW—IMPRISONMENT OF PAROLED PRISONER IN SISTER STATE—CREDITS.—Where a prisoner in the state prison was released on parole and his parole subsequently revoked and he declared to be an escaped prisoner by reason of his having left the state without permission, and thereafter he was imprisoned in the state prison of a sister state

for a crime committed therein, the time after the completion of the latter term of imprisonment that he was held a prisoner therein awaiting the arrival of officers to return him to this state to complete his term of imprisonment cannot be taken into consideration as constituting imprisonment in partial satisfaction of the judgment.

APPLICATION for a Writ of Habeas Corpus originally made to the Supreme Court to obtain a release from the state prison.

The facts are stated in the opinion of the court.

Bert Tanner, *in pro. per.*, for Petitioner.

THE COURT.—The petition sufficiently shows that the term of imprisonment in the state prison, which petitioner was lawfully adjudged to suffer, has not expired, unless he is entitled to be credited with certain time during which he was confined in the Ohio state prison at Columbus. It appears that while imprisoned in the California state prison at San Quentin under the judgment, he was released on parole, but that his parole was subsequently revoked, and he was declared an escaped prisoner, because he had left the state of California without permission. Subsequently, upon conviction of a crime in Ohio, he was adjudged to a term of imprisonment in the Ohio state prison at Columbus. Upon the completion of his term of imprisonment there he claims that he was held a prisoner in that institution for six months and eighteen days further, upon request of the California authorities, waiting the arrival of California officers to take him back to the California state prison to there complete his term. It is this six months and eighteen days that he claims should be taken into consideration as constituting imprisonment in partial satisfaction of the judgment of imprisonment in the California state prison.

Assuming the situation to have been as alleged by him, it is clear that petitioner was not, while in the Ohio prison, imprisoned in execution of the California judgment, and that he cannot be credited with any portion of such time.

The application for a writ of *habeas corpus* is denied.