**Robert G. LAMB, Jr., Appellant,**

**v.**

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 19677.**

United States Court of Appeals Fifth Circuit.

Nov. 23, 1962.

Robert G. Lamb, Jr., appellant, in pro. per.

Charles L. Goodson, U. S. Atty., Burton Brown, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

Appellant filed with the District Court for the Northern District of Georgia his petition for writ of habeas corpus. The petition was denied and this appeal is from that denial.

On June 20, 1956 appellant was convicted in the United States District Court for the Southern District of Georgia for violating Title 18 U.S.C. § 2312. The sentence provided that service of same would commence upon the expiration of or legal release from a sentence the appellant was then serving in the North Carolina State Prison. The State sentence was to have terminated on October 3, 1957; however, appellant later received two additional sentences for escaping from custody of the State officials. On July 2, 1962, having completed his State sentences, appellant was taken into custody by the United States.

Appellant contends that his sentence imposed by the United States District Court commenced to run on October 3, 1957—the time his original State court sentence was due to expire.

Title 18 U.S.C. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall

commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

The exact contention here made by appellant was before this Court in Zerbst v. McPike, 97 F.2d 253 (5 Cir., 1938). In that case, after having a Federal sentence imposed while he was in custody of the State with "no time being fixed for the commencement", McPike was returned to the State authorities. Upon the completion of his State sentence, McPike was taken into custody of the United States. When he contended the Federal sentence had commenced to run before actually being in Federal custody, this Court stated:

"Without the consent of the State authorities the United States Marshal could not lawfully take the person of McPike from the State officers, although McPike had been brought into the federal court and tried; and he did not attempt to. When McPike was taken back to jail he entered it not to await transportation to the federal penitentiary but to await trial in the state court. The proviso of 18 U.S.C.A. § 709a [presently § 3568] therefore does not apply. His federal sentence could begin to run only from 'the date on which [he] is received at the penitentiary, reformatory or jail for service of said sentence', by the express provision of that law. It has not yet been fully served."

Harrell v. Shuttleworth, 200 F.2d 490, 5 Cir., decided by this Court in 1952, is almost factually identical to the case now presented. In that case, after Federal sentence was imposed the appellant was returned to State custody. The Federal sentence was "to begin at expiration of sentence defendant is now serving in the Florida State Prison." Subsequently, appellant escaped twice, received additional sentences, and after serving the original and additional sentences was turned over to the United States authorities. In answering the contention there made, Judge Rives, speaking for this Court, stated:

"The short answer to that contention is that the sentence could not prescribe any method of computing the term other than that prescribed by 18 U.S.C.A. § 3568 * *. See Zerbst v. McPike, 5 Cir., 97 F.2d 253; Strewl v. McGrath, 89 U.S. App.D.C. 183, 191 F.2d 347; Vanover v. Cox, 8 Cir., 136 F.2d 442; see also Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607."

\* \* \* \* \* \*

"Finally, it seems to be appellant's contention that his federal sentence should run concurrently with his last state sentence. In Mahoney v. Johnston, 9 Cir., 144 F. 2d 663, the court considered a case where federal sentence was said to be concurrent with a state sentence. Assuming that that kind of sentence is permissible under 18 U.S. C.A. § 3568, it clearly was not intended in this case. The Federal Judge imposing the sentence could not have foreseen that the appellant would thereafter commit another criminal offense and receive another state sentence before he could enter upon the service of his federal sentence. The delay in entering upon the service of his federal sentence was occasioned by appellant's own act and he must bear the consequences."

See also this Court's decision in Gardner v. United States, 274 F.2d 380 (5 Cir., 1960).

The judgment of the lower court is Affirmed.