**Antonio RODRIGUEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26038.**

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1969.

Antonio Rodriguez, pro se.

William A. Meadows, U. S. Atty., Morton Orbach, Asst. U. S. Atty., Miami, Fla., for appellee.

Before ALDRICH,\* GODBOLD, and DYER,\* \* Circuit Judges.

PER CURIAM:

Appellant claims that he is entitled to credit on his federal sentence for jail

---

\* Of the First Circuit, sitting by designation.

\*\* Judge DYER did not participate in consideration or decision of this case.

time spent in Dade County Jail, Miami, Florida. His grounds are two—that an order of the district court granted the credit claimed, but it was improperly countermanded by a later and conflicting order of the same court; and, second, that in any event he is entitled to the credit as a matter of law.

■ As to the first contention, the orders are not contradictory but complementary. The first order followed the statutory provisions of 18 U.S.C.A. § 3568, and did not delineate what credit was due, either as to dates or number of days. The second order, entered pursuant to a motion by appellant, stated that time served by appellant before a designated date was not in connection with the offense for which sentence was imposed, so appellant was not entitled to credit for time served before that date.

As to the second point, prior to federal trial appellant was released on bond on the federal charges but was confined in state custody on state charges. For purposes of trial he was "borrowed" by the federal authorities under a writ of habeas corpus ad prosequendum. Immediately after his federal trial, conviction and sentence appellant was returned to state custody where he continued to be held under the pending state charges.

He appealed his federal conviction and it was affirmed. During the pendency of the appeal he had various state trials on state charges pending against him. After the mandate of affirmance in the federal case the state authorities, who were still holding appellant on undisposed of state charges, voluntarily surrendered appellant to federal authorities to begin service of his federal sentence. Appellant acknowledges that his custody pending the federal appeal was state custody, but asserts that since he did not affirmatively elect to delay the commencement of his federal sentence it began to run forthwith upon conviction.

■ Appellant's federal sentence began to run at the date when Dade County released appellant from state custody to federal authorities at the Dade County Jail to wait transportation to the place at which his sentence was to be served. This was the date adjudged by the district judge as the date of commencement of the sentence, and it was correct. There is no credit for the time served in state custody on state charges. Lamb v. Heritage, 310 F.2d 71, 5th Cir. 1962; Gardner v. United States, 274 F.2d 380, 5th Cir. 1960; Zerbst v. McPike, 97 F.2d 253, 5th Cir. 1938.

Affirmed.