**Alton Z. HOWARD, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 27323.**

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

Alton Z. Howard, pro se.

Louis C. LaCour, U. S. Atty., Richard M. Olsen, Asst. U. S. Atty., New Orleans, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 5th Cir. 1969, 406 F.2d 758.

This is an appeal from the district court's denial without holding an evidentiary hearing of a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant's motion attacks the validity of his conviction upon his plea of guilty to each of five counts charging him with violations under 18 U.S.C. § 1708 and § 495, alleging he was incompetent to enter his plea of guilty because he was suffering withdrawal from narcotics, and acceptance of the plea under such circumstances amounted to a denial of due process.

■ Having reviewed the records of both the criminal prosecution and the § 2255 motion, including the transcripts of appellant's arraignment and sentencing, we perceive no error in the district court's finding that appellant was lucid and rational at the time he entered his plea and in full control of his faculties. Further, appellant at no time brought to the court's attention that he allegedly was suffering from withdrawal, and the record shows that appellant had been in jail for the several weeks prior to his court appearances. Thus, the trial court correctly rejected the claim on the ground that it was conclusively refuted by the files and records in the case. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Berlanga v. United States, 5 Cir. 1968, 394 F.2d 615; Helpman v. United States, 5 Cir. 1967, 373 F.2d 401.

■ The plea of guilty being found to be understandingly and voluntarily

**480**

made, it is unnecessary to look into appellant's allegations concerning the invalidity of the information filed against him and lack of counsel. A guilty plea so entered waives all non-jurisdictional defects in the prior proceedings against the accused. Askew v. Alabama, 5 Cir. 1968, 398 F.2d 825; Busby v. Holman, 5 Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82.

Nor is there merit to appellant's claim to be credited with five months jail time while awaiting trial. The record shows that appellant was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum. Thus he is not entitled to have this time credited toward his federal sentence. 18 U.S.C. § 3568; Rodriguez v. United States, 5 Cir. 1969, 405 F.2d 857; Lamb v. Heritage, 5 Cir. 1962, 310 F.2d 71; Dillinger v. Blackwell, N.D. Ga.1967, 277 F.Supp. 389.

The judgment of the district court is affirmed.

Affirmed.