**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hubert Vernon HARDIN, Defendant-Appellant.**

**No. 30479.**

United States Court of Appeals, Fifth Circuit.

July 12, 1971.

Rehearing Denied Sept. 2, 1971.

Hubert Vernon Hardin, pro se.

Natalie Baskin, Miami Beach, Fla., Court-appointed for defendant-appellant.

John L. Briggs, U. S. Atty., Bernard H. Dempsey, Jr., William M. James, Jr., Asst. U. S. Attys., Tampa, Fla., for United States of America.

Before COLEMAN, GOLDBERG, and DYER, Circuit Judges.

COLEMAN, Circuit Judge:

Hubert Vernon Hardin's motion to correct sentence was denied and he appeals. We affirm.

On July 25, 1962, Hardin received the following sentence in the United States District Court for the Southern District of Florida:

"JUDGMENT AND COMMITMENT

"On this 25th day of July, 1962, came the attorney for the government and the defendant appeared in person and with counsel, Henry Gonzalez.

"IT IS ADJUDGED that the defendant has been convicted upon his plea of Not Guilty, and a jury verdict of Guilty, of the offenses of transporting in foreign commerce currency of the United States of the value of more than $5000.00, knowing the same to have been stolen; and aiding and abetting others to steal money exceeding $100.00 belonging to the Marine Bank and Trust Company, Tampa, Florida; in violation of Title 18, Sections 2314.2 and 2113(b), U.S.C. as charged in counts 1 and 2 of the Indictment, and the Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of 10 years on count 2, and 5 years on count 1 of the indictment, or until he is otherwise discharged as provided by law.

"IT IS ORDERED that the sentence imposed on count 1 shall run concurrent with the defendant's present imprisonment by the State of Florida and it is recommended that the Attorney General designate the Florida State Prison, where the defendant is now serving time, as the place of imprisonment for sentence herein on count 1.

"IT IS FURTHER ORDERED that execution of the sentence on count 2,

as herein imposed, shall commence upon the release of the defendant from imprisonment by the State of Florida Officials or upon the expiration of the sentence imposed on count 1, whichever be the later in point of time, it being intended that the sentence herein imposed on counts 1 and 2 shall not run concurrently with each other."

In a petition filed October 10, 1969, Hardin contended that the foregoing sentence was illegal "because it circumvented the statutory requirement of Title 18, United States Code, § 4161, providing that good time credits shall be deducted upon the basis of the 'aggregate of the sentences' ".

18 U.S.C. § 4161 reads as follows:

"§ 4161. Computation generally

"Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

"Five days for each month, if the sentence is not less than six months and not more than one year.

"Six days for each month, if the sentence is more than one year and less than three years.

"Seven days for each month, if the sentence is not less than three years and less than five years.

"Eight days for each month, if the sentence is not less than five years and less than ten years.

"Ten days for each month, if the sentence is ten years or more.

"When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed."

Hardin now argues that he was entitled to ten days per month "good time" credit under *consecutive sentences* rather than the eight days he received on count 1 as a separate, independent sentence (plus the extra time he was held by Florida). By his calculations his five year sentence (on a ten day per month reduction) should have been completed by October 20, 1965. Under an eight day per month deduction it was completed March 31, 1966. In any event, the state authorities did not release him from his state sentence until September 6, 1966. He was then transported to Atlanta to begin the ten year sentence.

This caused a time gap of over five months under the eight day rule (or ten months under the ten day rule) between the conclusion of one federal sentence and the beginning of the other. Therefore, says Hardin, his ten year sentence should be vacated and he should, as of October 10, 1969, be resentenced to seven and one half years to compensate for the allegedly unlawful loss of good time and failure to start the second sentence immediately upon the conclusion of the first.

Hardin says that he was given consecutive sentences. The Government says that two separate and distinct sentences were imposed, that they cannot be construed as consecutive sentences. Hence, it is further argued, the computation of the sentence is an administrative responsibility which cannot be attacked by a motion to correct or change the sentence, citing Lee v. United States, 9 Cir., 1968, 400 F.2d 185.

On August 10, 1967, the attorney for the Bureau of Prisons advised Hardin as follows:

"The Parole Board has forwarded your PMB letter to this office for consideration and reply, since it concerns a question concerning the computation of your federal sentence. You request that your parole eligibility date reflect the time spent in custody on the 5-year sentence which you

served concurrently with a state sentence.

"As you know, your 10-year federal sentence was imposed to run consecutively to the 5-year sentence, or to your release from state custody, whichever occurred the later. *Since you were released from state custody approximately 6-months after the mandatory release date on your 5-year sentence, your 10-year sentence is computed as commencing on your release from state custody. Since there is this gap between the two counts of your federal sentence, the two counts cannot be aggregated, and there is no way* that we can give you credit for the first sentence against the parole eligibility date on the second sentence. We must compute from September 2, 1966, the commencement of the 10-year sentence.

"I am sorry that I cannot be of greater assistance to you in this matter."

The District Judge who imposed the sentence in 1962 heard and decided Hardin's petition for resentencing. On July 24, 1970, he denied relief, saying

"The record reveals, however, that the sentences were validly imposed and good time properly accumulated. Under 18 United States Code, § 4161, in order for several sentences to be aggregated for the basis of computing good time, they must be consecutive. Consecutive is defined as succeeding one another in regular order, or to follow in uninterrupted succession, Black's Law Dictionary 376 (4th ed. 1951). The sentences in this case were not consecutive but separated by five months during which the defendant was not in federal custody.

"The defendant is complaining of a situation which was designed to be and actually is to his benefit. Instead of making Count I consecutive to a pre-existing state sentence, the Court chose to make it concurrent, thus allowing defendant to serve two sentences at the same time. The defend-

ant's contentions that the method of sentencing deprived him of certain good time benefits is therefore without merit; * * *."

From this order the petitioner has been permitted to appeal in forma pauperis, counsel was appointed on his behalf, and oral argument has been presented.

The Attorney General had the authority to designate, and did designate, the Florida penitentiary as the place for the service of the five year sentence, see 18 U.S.C., § 4082.

18 U.S.C., § 3568 provides that a federal sentence shall begin to run from the date on which a person is received at the penitentiary, reformatory, or jail for service of such sentence and "no sentence shall prescribe any other method of computing the term".

Since Hardin was not due for release from the Florida state sentence until 1981, it is quite clear that the District Court intended to impose and did impose separate sentences. Hardin, in effect, got a free ride on his first sentence; it cost him no additional time. He was already in the hands of the Florida penal authorities, possibly until the year 1981. The Court clearly intended, and the law required, that Hardin should begin his ten year sentence when delivered to the federal authorities upon, and not before, his release from Florida, as 18 U.S.C., § 3568 provides.

■ We therefore hold that separate, not consecutive, sentences were imposed in this case and they were not due for aggregation in the computation of good time.

■ The petitioner-appellant further argues that under prevailing statutes the Court had but three choices in the imposition of sentence: (1) concurrent, (2) consecutive, or (3) under the split-sentence provision of 18 U.S.C. § 3651, *that a sentence to begin at an indefinite time is illegal.*

This contention, however, has been decided adversely to Hardin's contentions in Scott v. United States, 5 Cir., 1970,

434 F.2d 11. See, also, Rodriquez v. United States, 5 Cir., 1969, 405 F.2d 857.

The judgment of the District Court is affirmed.

Affirmed.