272 So.2d 333 (1973)
Johnny Beamon JENNINGS, Plaintiff-Relator,
v.
Elayn HUNT, Director, Department of Corrections, Defendant-Respondent.
No. 52810.
Supreme Court of Louisiana.
January 15, 1973.
Murphy W. Bell, Baton Rouge, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Jack E. Yelverton, Asst. Atty. Gen., LeRoy A. Hartley, Special Counsel to Atty. Gen., for defendant-respondent.
TATE, Justice.
The narrow issue for determination before us: Is a Louisiana convict entitled to credit against his sentence for time spent confined in a mental hospital in other state, to which he had escaped and where he was captured, insofar as this *334 out-of-state confinement resulted from a detainer issued against him by Louisiana authorities based upon the sentence being served at the time of his escape. We hold he is.
The relevant facts are as follows:
The petitioner Jennings was sentenced in 1964 to serve concurrently three terms in the Louisiana State Penitentiary, the maximum of which was for nine years. He escaped on August 5, 1965 and was captured in Florida on August 10. Louisiana placed a detainer[1] against him on August 13, 1965. Florida criminal charges were at that time pending against him based on offenses committed during his brief escape.
In 1966, he was committed to the Florida State Hospital, after he had been adjudged mentally incompetent to stand trial. The Florida charges against him were subsequently nol prossed. After several efforts by Florida[2] to have Louisiana retake custody of the applicant, he was finally returned to this state on January 20, 1971.
The question before us is res nova for Louisiana. The jurisprudence from other American jurisdictions is sparse and is often based on particular state statutes. Nevertheless, the following general principles may be deduced from it:
Generally, credit for time spent while serving a sentence under a conviction in one jurisdiction will not be allowed against a sentence upon another conviction in a second jurisdiction. Annotation, Jail SentenceCredit, 18 A.L.R.2d 511 (1951), and later case service; 24B C.J.S. Criminal Law § 1995(4), at pp. 641-642; 21 Am.Jur.2d "Criminal Law", Section 140. But see People v. Martin, 3 N.Y.2d 217, 165 N.Y.S.2d 26, 144 N.E.2d 20 (1957). The basic reasoning behind this rule is that each jurisdiction's punishment must be separately satisfied by custodial confinement of the violator.
Similarly, under this principle, credit against a Louisiana sentence should not be allowed for time in custody in Florida by virtue of a contemporaneous legal pre-trial detention for Florida offenses. Nevertheless, where the out-of-state detention results solely from the sentencing state's detainer on a fugitive complaint, the defendant may be entitled to credit for time served in out-of-state detention pending extradition. People v. Havey, 11 Mich.App. 69, 160 N.W.2d 629 (1968); contra: Ex parte Tanner, 178 Cal. 792, 175 P. 81 (1918). This rule appears to be reasonable and sound.
Under the present circumstances, therefore, we hold that the petitioner is entitled to credit against his 1964 Louisiana sentences insofar as his detention in Florida between 1966 and 1971 resulted solely from the Louisiana detainer. However, insofar as the Florida custody resulted partly from detention for Florida offenses, no credit will be allowed.
If, as a result of the Louisiana sentence, the prisoner had been confined in a Louisiana mental institution, as the Florida authorities desired, the period of commitment therein by our own state law must be credited *335 against the sentence imposed by the court. La.R.S. 28:59. We see no reason why a different rule should apply when the prisoner is confined in a Florida mental institution solely as the result of a detainer placed against him because of his Louisiana sentence.
In the record before us, Florida authorities indicated a willingness to transfer the applicant to Louisiana as early as September 14, 1966. However, at that time, Florida charges were still pending against him. It was not until August 5, 1968, that the warden of the Louisiana State Penitentiary was officially informed that all Florida charges against the applicant had been dismissed or nol prossed against him, to which letter was attached photocopies of such authorizations. The Florida official wrote the Louisiana warden: "You are therefore advised that you may now take custody of this patient for return to the Louisiana State Penitentiary at Angola."
Thus, after August 5, 1968, the applicant's custodial detention in a Florida mental institution for the criminally insane resulted solely from the detainer placed against him by Louisiana authorities and Louisiana's failure to return him to our state to complete his sentence.
The trial court had dismissed the applicant's suit for credit upon the concept that he might be entitled to credit against an escape conviction, if and when it resulted, but not against the sentence(s) from which he had escaped. For the reasons above set forth, we reverse this holding.
Accordingly, the defendant Director of the Department of Corrections is hereby ordered to grant the applicant-prisoner credit upon his 1964 sentence(s) for time served from August 5, 1968 to January 20, 1971, the date upon which he was turned over to Louisiana authorities.
Reversed and rendered.
NOTES
[1] A detainer is a written request by the legal authorities of one state addressed to a penal institution of another state requesting that a detainee be held for delivery to their custody upon his release from the other state's penal institution. See 12 Words & Phrases verbo "Detainer" (1972 Cumulative Pocket part). Cf., also, Wexler and Hershey, Criminal Detainers in a Nutshell, 7 Criminal Law Bulletin 753 (1971).
[2] Letters from Florida officials to Louisiana hospital and penal authorities of September 14, 1966, January 16, 1967, January 27. 1967, February 22. 1968, August 5, 1968, August 13, 1968, and December 11, 1970.