**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Paul SHILLINGFORD,
Defendant-Appellant.**

**No. 77–1787.**

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

---

Alvin B. Rubin, Circuit Judge, dissented in part and filed opinion.

George M. Strickler, Jr., New Orleans, La., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before COLEMAN, CLARK and RUBIN, Circuit Judges.

CHARLES CLARK, Circuit Judge:

A shoot-out between Shillingford and his co-defendants and state and federal officers left one policeman dead and another policeman and an FBI agent wounded. Because of his participation in the incident, Shillingford was indicted by a Mississippi state grand jury for murder and by a federal grand jury for violations of various criminal statutes. Count one of the federal indictment alleged that the defendants conspired to assault federal officers, to use firearms to commit a felony, and to possess unregistered firearms, all in violation of 18 U.S.C. § 371. Count two charged the defendants with assaulting and interfering with federal officers in violation of 18 U.S.C. § 111.[1]

1. 18 U.S.C. § 111 provides:
 Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 114 of this title while engaged in or on account of the performance of his official duties, shall be fined

Count three alleged that the defendants used firearms to commit a felony—assaulting federal officers—in violation of 18 U.S.C. § 924(c)(1).[2] As a result of a plea bargain negotiated with a state prosecutor, Shillingford entered a guilty plea to a reduced charge of assault with intent to kill and was sentenced to seven years' imprisonment. He was then convicted on the federal charges, and was sentenced to twelve years in prison, including a sentence of five years on count one; seven years on count two, to run concurrently with the sentence imposed on count one; and five years on count three, to run consecutively to the sentences meted out for counts one and two.

Shillingford appealed that conviction, and this court affirmed it. *United States v. James*, 528 F.2d 999 (5th Cir. 1976), *cert. denied*, 429 U.S. 959, 97 S.Ct. 982, 50 L.Ed.2d 326 (1976). After the Supreme Court denied a writ of certiorari in his case, Shillingford filed a motion under Fed.R. Crim.Proc. 35 to reduce his sentence. The district court denied this motion without

opinion. Shillingford has appealed this ruling.[3]

■ Under 18 U.S.C. § 3568,[4] a person is entitled to a credit toward service of his federal sentence "for any days spent in custody in connection with the offense or acts for which sentence was imposed." Shillingford claims that since the acts of assault resulting in both the federal and state convictions were the same, § 3568 requires that the time spent in state custody on state charges be deducted from his federal sentence.[5] This contention is without merit. Even assuming that Shillingford's state and federal convictions arose from the same acts, § 3568 does not require a credit for time served on the state charges. *Goode v. McCune*, 543 F.2d 751 (10th Cir. 1976); *Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970); *Rodriguez v. United States*, 405 F.2d 857 (5th Cir.), *cert. denied*, 395 U.S. 914, 89 S.Ct. 1762, 23 L.Ed.2d 228 (1969); *Gilbert v. United States*, 299 F.Supp. 689 (S.D.N.Y.1969) (lengthy discussion of legislative history of § 3568).

not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. 18 U.S.C. § 924(c) provides, in part:

(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States,

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years.

3. This is the second time Shillingford's Rule 35 appeal has been before this court. In our last opinion, we held that we were without jurisdiction to hear his case because of Shillingford's failure to file a timely notice of appeal. The case was remanded to the district court for a determination of whether Shillingford was entitled to have the time for appeal extended because of excusable neglect in failing to file the notice. *United States v. Shillingford*, 568 F.2d 1106 (5th Cir. 1978). The district court, on remand, held that Shillingford had made a showing of excusable neglect and extended the

time for appeal. Thus, this appeal is now properly before us.

4. 18 U.S.C. § 3568 provides, in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

. . . . .

No sentence shall prescribe any other method of computing the term.

5. Shillingford was imprisoned by the State of Mississippi from August 18, 1971, to December 2, 1975, as a result of his state conviction. While the appeal of the federal conviction was pending, he was paroled from state custody.

██ It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Brown v. United States*, 551 F.2d 619, 620 (5th Cir. 1977); *Hill v. Beto*, 390 F.2d 640 (5th Cir. 1968). Moreover, the sentences imposed may run consecutively; neither the Constitution nor § 3568 requires the sentences to be concurrent. *United States v. Williams*, 487 F.2d 215 (5th Cir. 1973), *cert. denied*, 416 U.S. 942, 94 S.Ct. 1949, 40 L.Ed.2d 294 (1974); *see Jackson v. Attorney General of the United States*, 447 F.2d 747, 749 (5th Cir. 1971). Credit for state imprisonment must be given under § 3568 only if the defendant proves that his state confinement "was exclusively the product of such action by federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a federal one."[6] *Ballard v. Blackwell*, 449 F.2d 868 (5th Cir. 1971). Shillingford made no such showing here.

Shillingford also asserts that the sentence he received is contrary to a Supreme Court decision handed down after his Rule 35 motion was denied, *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). There is a question whether we should consider the effects of *Simpson* on Shillingford's sentence since this case presents an appeal from a denial of a Rule 35 motion rather than a direct appeal from a criminal conviction. If a Rule 35 motion were considered to be a collateral attack on Shillingford's conviction, the retroactive application of *Simpson* might be precluded; some courts, in order to preserve the finality of judgments, have held that some changes in the law are to be applied retroactively only in those cases involving direct appeals from criminal convictions. *E. g.,*

*Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *see* 1 B, J. Moore, Moore's Federal Practice ¶ 0.402[3.—2–5].

██ We need not decide, however, whether *Simpson* worked a change in the law mandating retrospective application in a collateral attack. The Supreme Court, in a case factually similar to *Shillingford*, has held that a Rule 35 motion is a motion made in the original case. *Heflin v. United States*, 358 U.S. 415, 418 n.6, 79 S.Ct. 451, 453 n.6, 3 L.Ed.2d 407, 410 n.6 (1959). In *Heflin*, defendant challenged the legality of a sentence he received for bank robbery and for receiving the proceeds from the bank robbery. After his sentence was imposed, the Supreme Court decided *Prince v. United States*, 352 U.S. 322, 70 S.Ct. 403, 1 L.Ed.2d 370 (1952), which held that the crime of entry into a bank with intent to rob was not intended to be a separate offense from the consummated robbery. Shortly after *Prince* was handed down, the defendant in *Heflin* brought a 28 U.S.C. § 2255 proceeding, contending that *Prince* mandated reversal of his sentence. The Supreme Court held that, although his § 2255 motion was improper, the defendant could seek relief from his sentence under Rule 35 since he contended that the sentence imposed was illegal on its face. The *Heflin* court, using Rule 35 as a basis, then applied *Prince* retroactively to invalidate the defendant's sentence. Thus, the appeal from the denial of Shillingford's Rule 35 motion is a part of the appellate process from his original conviction rather than a collateral attack on his sentence. Shillingford is therefore entitled to an examination of his sentence in light of *Simpson*.

In *Simpson*, defendants were charged with bank robbery in violation of both 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c), which provides for an increased sentence if a firearm is used in the commission of a

---

**6.** If, for example, a state defendant is denied bail solely because of a federal detainer issued against him, the time spent in state custody awaiting trial must be credited to his federal sentence. *Taylor v. United States*, 456 F.2d 1101, 1103 (5th Cir.), *cert. denied*, 409 U.S. 856, 93 S.Ct. 137, 34 L.Ed.2d 101 (1972); *Davis v. Attorney General of the United States*, 425 F.2d 239, 240 (5th Cir. 1970).

felony. The trial court, in sentencing Simpson, relied on § 924(c) and on the enhancement provisions of the bank robbery statute, 18 U.S.C. § 2113(d), which allow a judge to impose a longer sentence if a dangerous weapon was used in the commission of the robbery. The Supreme Court held that a defendant could not be sentenced under both § 2113(d) and § 924(c), stating that Congress did not intend for the enhancement section of the bank robbery statute to be applied concurrently with § 924(c).

Shillingford was sentenced under both § 924(c) and the enhancement provisions of 18 U.S.C. § 111, which provide for an increased prison term if a "deadly or dangerous weapon" is used in the commission of an assault on a federal officer. Shillingford urges that the use of both § 924(c) and the enhancement portion of § 111 to increase his sentence is inconsistent with *Simpson* and with congressional intent in adopting the statutes. We agree.

In reaching its decision in *Simpson*, the Court relied on a statement made by Representative Poff in introducing § 924(c). He stated:

> For the sake of legislative history, it should be noted that my substitute is not intended to apply to title 18, sections 111, 112, or 113 which already define the penalties for use of a firearm in assaulting officials, with sections 2113 or 2114 concerning armed robberies of the mail or banks, with section 2231 concerning armed assaults upon process servers or with chapter 44 which defines other firearm felonies.

114 Cong.Rec. 22232 (1968). Thus, in his statement concerning the effects of § 924(c) on § 2113, Representative Poff was equally emphatic in rejecting the idea that § 924(c) and the enhancement provisions of § 111 could both be used to increase a defendant's sentence.

The rationale of *Simpson* is directly applicable to this case. The brief legislative history of § 924(c) indicates that it and the enhancement provisions of § 111 must be construed to be mutually exclusive. This fact, taken together with the rule of leniency applied in construing ambiguous criminal statutes, means that Shillingford's sentences cannot stand as presently imposed. The case is remanded with directions to the district court to eliminate the illegality in Shillingford's sentences on counts two and three by vacating one of the sentences and to resentence him consistent with this opinion.[7]

AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.

ALVIN B. RUBIN, Circuit Judge, dissenting in part:

Agreeing with the conclusion my brethren have reached, and with almost all of the thorough majority opinion, I respectfully differ only with respect to the instructions on remand and the action that the opinion states in footnote 7 that the trial court may take. *Simpson* relied on Representative Poff for legislative interpretation; accurately quoted by my brethren both say that section 924(c) is "not intended to apply to title 18, section 111 . . . ." The Court further observed ". . . Congress cannot be said to have authorized the imposition of the additional penalty of § 924(c) for commission of bank robbery with firearms *already subject* to enhanced punishment under § 2113(d)." 435 U.S. at 12, 98 S.Ct. at 913, 55 L.Ed.2d at 77 (emphasis supplied). This means to me that *Simpson* precludes enhancement under section 924(c) when the defendant has been convicted of any felony to which section 111 is applicable. In this case the distinction may not change Shillingford's ultimate sentence, but the rationale may be important in future cases. *Compare United States v. Stewart*, 5 Cir. 1978, 579 F.2d 356; *United States v. Stewart*, 5 Cir. 1978, 585 F.2d 799; *United States v. Nelson*, 5 Cir. 1978, 574 F.2d 277.

---

**7.** We note that *Simpson* only precludes the district court from imposing a sentence based on both the enhancement portion of § 111 and § 924(c). This district court may, in the exercise of its discretion, sentence Shillingford under § 924(c) and the first paragraph of § 111, the basic sentencing provision in that section.