**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Bullock HENRY, a/k/a Imari
Abubakari Obedele,
Defendant-Appellant.**

No. 79–1740
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1979.

On Rehearing and Rehearing En
Banc Jan. 30, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Fred L. Banks, Jr., Jackson, Miss., for defendant-appellant.

James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal comes out of the same facts and legal contentions discussed in *U. S. v. Shillingford*, 586 F.2d 372 (5th Cir. 1978). Richard Henry and Denis Shillingford were co-defendants and received the same sentences: five years on count one (conspiracy to assault federal officers), seven years on count two concurrent with count one (assault upon federal officers in violation of 18 U.S.C. § 111), and five years on count three consecutive to counts one and two (use of firearms to commit felony in violation of 18 U.S.C. § 924.c.1). The seven year sentence on count two was necessarily made under the second paragraph of 18 U.S.C. § 111 which raises the maximum confinement from three to ten years in the event a dangerous or deadly weapon is used in the commission of the assault.

Henry filed a Rule 35 motion contending that the sentence on count three was invalid and must be vacated. The district judge acted after the circuit panel wrote *Shillingford*; he then vacated the sentence on count two. This leaves Henry facing the two consecutive sentences on counts one and three—a total of ten years. Henry contends that the count three sentence must be vacated, leaving him the two concurrent sentences on counts one and two—a total of seven years.

Henry's argument is based upon Judge Rubin's construction of *Simpson v. U. S.,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), stated in his *Shillingford* dissent:

> This means to me that *Simpson* precludes enhancement under section 924(c) when the defendant has been convicted of any felony to which section 111 is applicable. 586 F.2d 376.

The *Shillingford* court remanded to the district court with directions that the sentences given on counts two and three were illegal as they stood and resentencing was ordered. The panel majority stated that the district court could choose to vacate *either* the section 111 or section 924(c)(1) sentence, and could even sentence under section 924(c)(1) *and* the first paragraph of section 111. We are controlled by the directions of that panel.

AFFIRMED.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before COLEMAN, Chief Judge, BROWN, GOLDBERG, AINSWORTH, GODBOLD, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, and THOMAS A. CLARK, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc on briefs without oral judgment. The Clerk will specify a briefing schedule for the filing of supplemental briefs.