STATE of Iowa, Appellee,

v.

**Darrel Duane FARLEY, Appellant.**

No. 66906.

Supreme Court of Iowa.

Feb. 17, 1982.

Joseph M. Feller of Koopman, Kennedy & Feller, Sibley, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and Richard D. Zito, Asst. Osceola County Atty., for appellee.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The question here is whether the trial court was required to give defendant Darrel Duane Farley credit against his sentence for time served previously on an unrelated

out-of-state sentence. Defendant contends he should have been given credit for a sentence served earlier in South Dakota. We hold that the court did not err in refusing to order credit to be given. Therefore we affirm the trial court.

In March 1978 defendant was arrested and charged in Union County, South Dakota, with first-degree robbery. In April 1978, while awaiting trial on the South Dakota charge, he was arrested and charged in Osceola County, Iowa, with breaking and entering a Sibley drug store in May 1977 in violation of section 708.8, The Code 1977. On May 22, 1978, defendant entered a guilty plea to the Iowa charge and was released on bond pending sentencing. Defendant had permission to leave Iowa only to participate in the South Dakota proceeding.

In violation of the bail conditions, defendant absconded to Texas. When he subsequently returned to Sioux City, he was arrested and taken to South Dakota. He was then tried, convicted and sentenced to prison on the South Dakota robbery charge. When he failed to appear for sentencing in Iowa, a fugitive warrant was issued. During his South Dakota incarceration, he was offered an opportunity to return to Iowa for sentencing but declined to do so.

Defendant challenged his South Dakota conviction in a postconviction action, and a new trial was ordered in October 1980. Upon defendant's agreement to leave South Dakota, the charge there was subsequently dismissed. As defendant left the South Dakota prison in December 1980, he was arrested on the Iowa warrant. He was released on bond and later appeared in Iowa for sentencing in the present case on May 11, 1981.

Pursuant to a plea bargain which had been entered before his May 1978 guilty plea, the prosecutor recommended that defendant be sentenced to one year in the Osceola County jail. Defendant sought a suspended sentence or probation but also requested that if he be incarcerated he receive credit for the time spent in the South Dakota prison. The trial court decided to follow the prosecutor's recommendation but refused to order credit.

In refusing to order credit, the court made clear its ruling rested in part on the ground credit was not required. The court said:

> I do not find any authority for giving or for—where the court is required to give credit for time served unless that was served within the county in connection with the offense involved.

If the court believed defendant was entitled to consideration based on his South Dakota sentence, it could have merely granted his request for suspended sentence or probation. The court explained in detail why it believed defendant should be incarcerated on the Iowa charge. The court's position was reaffirmed in a subsequent proceeding in which defendant unsuccessfully sought reduction of his appeal bond. In acknowledging the defendant's contention that the sentence was illegal because he was denied credit, the court noted: "The question to be raised on appeal relates to whether or not credit should be given." Although the court could not dictate the issues to be raised by defendant in his appeal, the court's statement is an additional indication that the court would not order credit if the decision were discretionary rather than mandatory. Therefore the determinative issue here is whether the court had a duty to give credit, not whether the court had power to give it. We address only the issue of the court's duty.

In contending he was entitled to credit, defendant relies wholly on this statement in *Williams v. State*, 280 N.W.2d 406, 408 (Iowa 1979):

> It is to be conceded that certain peculiar factual situations will result in credit being given for imprisonment by another jurisdiction. This is especially true where a defendant is detained in the other jurisdiction unnecessarily or after serving his sentence there solely as the result of ac-

tion taken to prevent him from returning to continue his principal sentence. In such cases credit may be given for the time in unnecessary custody.

Because the South Dakota charge was dismissed, defendant argues his South Dakota sentence was "unnecessary" within the meaning of this rule.

He overlooks, however, the requirement that for the rule to apply the detention in the other jurisdiction must have occurred "solely as the result of action taken to prevent him from returning to continue his principal sentence." It does not matter that a person was "detained in the other jurisdiction unnecessarily or after serving his sentence there" unless the only reason for the detention was some action taken with a purpose to prevent him from returning to serve his Iowa sentence. Defendant cannot say his South Dakota imprisonment was imposed solely to prevent him from returning to be sentenced on the Iowa charge. Thus, even if his South Dakota sentence were "unnecessary," he plainly does not come within the *Williams* rule.

The cases cited in *Williams* support this conclusion. *See, e.g., United States v. Shillingsford*, 586 F.2d 372 (5th Cir. 1978) (under a federal statute state imprisonment required to be credited against federal imprisonment for the same act only when the state confinement was exclusively at the instance of federal officials); *Brown v. United States*, 489 F.2d 1036 (8th Cir. 1974) (federal sentence should be reduced by time served in state custody solely as the result of a federal detainer); *Jennings v. Hunt*, 272 So.2d 333 (La.1973) (domestic sentence should be credited with time spent in out-of-state mental hospital as the result of a detainer issued by domestic authorities); *Chalifoux v. Commissioner of Correction*, 375 Mass. 424, 377 N.E.2d 923 (1978) (detainer and refusal to accept prisoner from foreign jurisdiction entitle prisoner to credit against domestic sentence).

Like the situation in *Williams*, the issue here does not involve the court's authority to order an Iowa sentence to run concurrently with an out-of-state sentence. When defendant was sentenced in this case, he was not subject to any other sentence. He simply seeks credit for a sentence served in another jurisdiction on an unrelated charge because he succeeded in upsetting his conviction in that case. Iowa had nothing to do with his South Dakota incarceration. Moreover, defendant avoided being sentenced earlier in Iowa by jumping bail and by refusing an opportunity to be returned to Iowa for sentencing. In these circumstances, the trial court was not required to give defendant credit for his South Dakota imprisonment against his Iowa sentence.

AFFIRMED.