[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

No. 08-10882
Non-Argument Calendar

_____

D. C. Docket No. 87-00134-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAYDANI MARTINEZ,
a.k.a. Roberto Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Laydani Martinez appeals the denial of his motion to correct an illegal sentence. See Fed. R. Crim. P. 35(a) (1986). The district court concluded that Martinez's sentence was neither illegal nor ambiguous and that he was not entitled to credit toward his federal sentence for his continued incarceration in state prison for convictions not mentioned in his sentencing order. We affirm.

## I. BACKGROUND

In April 1983, Martinez was sentenced in a Florida court to serve four concurrent sentences of twelve years of imprisonment in case number 82-31688 for crimes committed during an armed robbery. Two months later, Martinez escaped from a Florida prison and committed two additional robberies and a burglary. Martinez was later convicted of those robbery and burglary crimes in cases numbered 84-7930, 84-8541, and 84-8640, and sentenced in May 1985 to three concurrent terms of twelve years of imprisonment. Martinez also was convicted of escape in case number 85-3029 and sentenced in November 1985 to fifteen months of imprisonment to run consecutive to his May 1985 sentence. Martinez escaped from custody a second time in August 1986 and quickly recaptured.

In October 1986, discontent with his treatment in state prison and desiring incarceration in a federal institution, Martinez mailed three letters to an officer of

a savings and loan demanding $100,000 and threatening the lives of the officer's wife and children. Martinez was convicted of one count of intent to extort by mailing a threatening letter and two counts of mailing threatening communications. 18 U.S.C. § 876. In May 1988, a federal court sentenced Martinez to thirty years of imprisonment. The docket sheet stated that the sentence would run "consecutively to the sentence [Martinez] is presently serving in state" prison. The written sentencing order stated that Martinez's sentence "shall be served consecutive to" the "sentences imposed in Docket Nos. 82-31688 and 84-7930, 84-8541 and 84-8640." After the sentencing hearing, federal officials returned Martinez to prison officials of Florida.

In August 1988, a Florida court sentenced Martinez to twenty-two years of imprisonment in case number 86-0123 for his second escape and a related charge for possession of a weapon. The Florida court ordered that the sentence run consecutive to the sentences in cases 84-7930, 84-8541, 84-8640, and 85-3029.

In February 2004, Martinez completed his state sentences and was transferred to the custody of federal officials. A few months later, Martinez asked the Bureau of Prisons to credit him for the time spent in state custody after imposition of his federal sentence. Martinez designated February 18, 1992, as the date that his federal sentence commenced. The Bureau denied relief and stated

3

that Martinez was not entitled to credit for time served in state prison absent an order for his federal sentence to run concurrent with his state sentence. Martinez appealed to the Regional Director, who also denied relief.

In August 2006, Martinez filed pro se a "request for correction of his illegal sentence" under former Federal Rule of Criminal Procedure 35(a). Martinez argued that the 1988 order of the federal court was ambiguous because it was silent about his sentence for escape in case 85-3029. Martinez also argued that the order was illegal because it required him to serve his federal sentence consecutive to his conviction in case 86-0123 for which he had not yet been sentenced. Martinez asked the district court to credit his federal sentence for the time he remained in state custody after completing his sentences in cases 82-31688, 84-7930, 84-8541, and 84-8640.

The district court denied Martinez's motion. The district court rejected Martinez's argument that his sentence was illegal and found that the sentencing order was not ambiguous and "clearly indicate[d] the [c]ourt's intention that [Martinez] serve his federal sentence after his completion of the enumerated state sentences." The district court also mentioned, "for the sake of argument," that it was allowed, under United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993), to order Martinez to serve his sentence "after an unimposed, future state sentence[.]"

Martinez appealed the decision, but we dismissed his untimely appeal for lack of jurisdiction. United States v. Martinez, No. 07-11168 (11th Cir. July 16, 2007). In March 2007, Martinez moved for reconsideration, the district court denied his motion, and we dismissed his appeal for want of prosecution. United States v. Martinez, No. 07-11706 (11th Cir. June 8, 2007).

In December 2007, Martinez filed pro se a second motion to correct an illegal sentence. Martinez repeated the argument made in his first motion to correct. The district court denied the motion because it had already considered and rejected Martinez's argument.

## II. STANDARD OF REVIEW

Our review of a request to correct a sentence under former Federal Rule of Criminal Procedure 35(a) is plenary. United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997). We review de novo the application of former Rule 35(a) and review related findings of fact for clear error. Id.

## III. DISCUSSION

When the federal court sentenced Martinez, Federal Rule of Criminal Procedure 35(a) stated, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner . . . within 120 days after the sentence is imposed . . . ." Fed. R. Crim. P. 35(a)–(b) (1979). The Rule served a

5

"narrow function" to correct one of three errors: (1) the sentence exceeded the statutory maximum; (2) the sentence imposed multiple terms of incarceration for the same offense; or (3) "the terms of the sentence itself was legally or constitutionally invalid in any other respect." Hill v. United States, 368 U.S. 424, 430, 82 S. Ct. 468, 472 (1962). The district court did not err by denying Martinez's motion under this Rule.

The commencement of federal sentences imposed for crimes committed before November 1, 1987 are governed by a statute. 18 U.S.C. § 3568; Meagher v. Clark, 943 F.2d 1277, 1282 (11th Cir. 1991). Section 3568 provides that a federal sentence does not commence until a defendant is delivered to federal authorities: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . . No sentence shall prescribe any other method of computing the term." 18 U.S.C. § 3568. We "have uniformly interpreted the language of Section 3568 and its predecessors as precluding the calculation of the time served on a federal charge from any date other than that on which the defendant was delivered to federal prison officials." Meagher, 943 F.2d at 1282.

Martinez's argument is foreclosed by our decisions in Lamb v. Heritage,

310 F.2d 71 (5th Cir. 1962) (per curiam), and Harrell v. Shuttleworth, 200 F.2d 490 (5th Cir. 1952). See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). Under the plain language of section 3568, a state may require a defendant to complete all state sentences before transferring him to federal custody. See Lamb, 310 F.2d at 71–72. The state has the authority to require the defendant to complete even those sentences imposed after sentencing by the federal court and not mentioned in the federal sentencing order. See id.; Harrell, 200 F.2d at 490–91. Extended custody by the state does not affect and may not be credited against the length of the defendant's federal sentence. See Lamb, 310 F.2d at 71–72. "'A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'" United States v. Adair, 826 F.2d 1040, 1041 (11th Cir. 1987) (per curiam) (quoting Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir. 1980)).

## IV. CONCLUSION

The denial of Martinez's second motion to correct his sentence is **AFFIRMED**.