[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10440
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20874-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN RENE SAJOUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 21, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In this out-of time appeal, Alan Sajous challenges his conviction and sentence of 52 months of imprisonment for possessing 15 or more unauthorized access devices. 18 U.S.C. § 1029(a)(3). Sajous argues, for the first time, that the information to which he pleaded guilty is invalid, that the government breached the plea agreement, that the government failed to introduce favorable evidence at sentencing, and that his sentence is procedurally unreasonable, but we affirm. Sajous also argues his trial counsel was ineffective, but we decline to review that issue at this juncture.

Sajous contends that his information "mischarged . . . possession of access devices" because his crime involved possessing social security numbers and other means of identification, but Sajous waived this nonjurisdictional challenge to his information. A plea of guilty entered knowingly and voluntarily waives all nonjurisdictional defects in the proceeding, including "allegations concerning the invalidity of the information," *Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970), and Sajous concedes that he pleaded guilty to the information. "So long as [an] indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and . . . invokes the district court's subject-matter jurisdiction." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). Because Sajous's information cites section 1092(a)(3) and tracks its language that he "did

2

knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices," it empowered the district court to act on the information. *See id.* Sajous waived his nonjurisdictional challenge to the validity of his information when he entered his plea of guilty.

Sajous argues that he pleaded guilty based on "misinform[ation]" from his trial counsel, but we ordinarily will not consider a claim of ineffective assistance of counsel on direct appeal. The district court should be given the first opportunity to address Sajous's allegation of ineffectiveness and to develop the record. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Sajous can present his argument in a postconviction motion. *See* 28 U.S.C. § 2255.

Sajous argues that the government breached the plea agreement by failing to recommend at sentencing that he receive a sentence at the low end of his guideline range. Because Sajous raises this argument for the first time on appeal, he must prove that an error occurred that is plain and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 140–43 (2009); *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). The district court referenced the low-end recommendation during the guilty plea colloquy, and that recommendation was included in Sajous's presentence investigation report, which the district court adopted at sentencing. Sajous cites no binding precedent holding that the failure of the government to request that the defendant receive a favorable sentence when its

3

position was already known by the district court constitutes plain error. *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013). Additionally, at sentencing, the government supported Sajous's request for a downward variance, which would have been more beneficial to Sajous than what he was promised in the plea agreement. The government also moved to reduce Sajous's sentence based on his substantial assistance, *see* Fed. R. Crim. P. 35(b), which resulted in the reduction of his sentence from 108 months to 52 months. And, even if we were to assume that the government plainly erred, Sajous cannot prove that the lack of a recommendation for a low-end sentence affected his substantial rights. *See Puckett*, 556 U.S. at 142. The district court stated at sentencing that, "even if the Government had argued for the lowest end of the advisory guideline range, [it] would not have granted [that relief]."

Sajous also fails to establish that the government erred, much less plainly erred, by failing to introduce evidence that a cohort, not Sajous, used the personal identification information discovered in Sajous's residence. Sajous fails to cite any statute, binding precedent, or provision in his plea agreement that obligated the government to introduce evidence about his cohort's conduct. *See id.* Sajous argues that he was denied due process as contemplated under Federal Rule of Criminal Procedure 32, but he availed himself of the opportunity to object to his presentence investigation report and submitted a sworn statement in which his cohort admitted

4

that he, not Sajous, used the stolen identification information, *see* Fed. R. Crim. P. 32(f), (i). The district court had before it information about Sajous's cohort when it selected Sajous's sentence.

Finally, Sajous's challenge to the procedural reasonableness of his sentence is barred by the sentence appeal waiver in his plea agreement. The written agreement provided that Sajous "waives all rights . . . to appeal any sentence imposed . . . or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing." The district court explained the waiver to Sajous during the change of plea hearing, and Sajous acknowledged at that hearing that he had agreed to waive his right to appeal his sentence. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Sajous knowingly and voluntarily waived the right to appeal the procedural reasonableness of his sentence.

We **AFFIRM** Sajous's conviction and sentence.

5