UNITED STATES of America,
Plaintiff-Appellee,

v.

Gilgardo Molina GARCIA and Garland Orby Taylor Defendants-Appellants.

No. 86–1701
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 2, 1987.

James Moriarty, Houston, Tex., for Garcia.

Robert M. Burns, Dallas, Tex., for Taylor.

Sidney Powell, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for the U.S.

Before GEE, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellants Garcia and Taylor each pleaded guilty to two narcotics charges, Garcia to two counts of aiding and abetting the distribution of heroin and Taylor to one count of aiding and abetting the distribution of heroin and to one count of violating 21 U.S.C. § 843(b) by using a communications facility to commit a narcotics felony. Garcia was sentenced to two consecutive fifteen-year prison terms and to two three-year special parole terms, Taylor to six years on the aiding and abetting count and four years on the communications facility charge, with a three-year special parole term. Taylor and Garcia appeal, and we vacate and remand for resentencing.

Fed.R.Crim.P. 32(c)(3)(A) requires that district courts "shall afford the defendant and his counsel an opportunity to comment on the [presentence investigation] report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." If a defendant asserts that there are any factual inaccuracies in the report, the court must "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). If the district court fails to make the requisite finding or determination, or if the finding or determination is ambiguous, the case must be remanded for resentencing. *United States v. Lawal*, 810 F.2d 491, 492–93 (5th Cir.1987).

Garcia contends that the district court abused its discretion under Fed.R.Crim.P. 32(c)(3)(A) in not permitting him to call a witness to dispute the following statement in the presentence investigation report (PSI): "According to investigators they describe the Defendant Felix as the ultimate Mexican source of supply and thus the most culpable. Of equal culpability is the Defendant Garcia, who was the source of supply in California who ultimately was able to deliver the ten kilos of heroin." Garcia sought to call DEA Agent Scott to the stand to testify that Felix and Garcia had not played equal roles in the drug distribution ring and that Garcia was no more than "a minor facilitator or introducer of the parties."

The government characterizes Garcia's argument as a claim that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing either to make findings regarding the disputed statement or to state that it would not be relied on in sentencing. In fact, Garcia seems to assert that the district court ruled that it would not consider the disputed information in sentencing. How-

ever, the court did not explicitly rule that it would disregard the information in sentencing, nor did it rule on the information's accuracy. Rather, it stated that the disputed information was hearsay and that it would "get about as much weight as hearsay ever gets in a court." In addition, the court noted that the statement was contained in the "prosecution version" of the offense; and it stated that it would not give information in either the prosecution or the defense version "much" weight, but would instead rely heavily on the "actions and the factual resume."

Even though Garcia does not complain about the apparent Rule 32(c)(3)(D) violation, we think it appropriate to remand the case to allow the district court to make the finding or determination required by that rule. Such a finding or determination is necessary to enable us to review Garcia's claim that the court abused its discretion in not allowing him to call Agent Scott to testify. *See United States v. Petitto,* 767 F.2d 607, 610 (9th Cir.1985) ("a clear record as to what information the sentencing court relied upon is crucial to deciding whether the court abused its discretion in not granting an evidentiary hearing"). The district court's deprecating remarks about hearsay indicate that it may not have relied upon the information. If so, there was no abuse of discretion in refusing to allow Garcia to call his witness. *Id.* at 611; *United States v. LeBlanc,* 762 F.2d 502, 503 (6th Cir.), *cert. denied,* ── U.S. ──, 106 S.Ct. 156, 88 L.Ed.2d 129 (1985). Other remarks by the district court suggest that it may have relied on the information only to the extent that it corroborated the factual resume. Garcia, after some discussion, conceded that he did not intend to dispute the accuracy of the factual resume. If the district court made a finding that it was considering the disputed information to this limited extent only, there was certainly no abuse of discretion in refusing to allow Garcia to call Agent Scott. On the other hand, it is also possible that the court took the statement to mean that Garcia was one of the leaders in the heroin distribution network and assessed the maximum fifteen-year consecutive sentences according-

ly. In that case, it was an abuse of discretion to make no inquiry into the reliability of the source of the statement, even if the court declined to allow Garcia to call Agent Scott. *Cf. United States v. Pugliese,* 805 F.2d 1117, 1124 (2d Cir.1986) ("a district court has an obligation to assure itself that the information upon which it relies in sentencing defendant is both reliable and accurate"). In sum, a remand to determine what weight, if any, the district court gave the disputed information is necessary to a review of the court's action for abuse of discretion.

■ Appellant Taylor's sentences must likewise be vacated and his case remanded for resentencing. Taylor asserted during the sentencing hearing that the PSI included three convictions for crimes that he could not have committed because he was in prison at the time they occurred. The district court failed to comply with Rule 32(c)(3)(D) in omitting to state that the convictions would be disregarded or to make findings concerning the convictions.

During the hearing Taylor also contended that for three other convictions the PSI showed that Taylor was not represented by counsel. The district court did not state that it would not rely on these convictions in imposing sentence, nor did the court make any findings concerning whether the convictions had been obtained in violation of Taylor's right to counsel. If the convictions were so obtained, the district court could not properly consider them in determining Taylor's sentence. *See United States v. Tucker,* 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir.1986). As we cannot determine from this record whether the district court relied on the uncounseled convictions, the case must be remanded for findings on this point as well. *See Bourgeois,* 784 F.2d at 721; *Jerkins v. United States,* 530 F.2d 1203, 1204–05 (5th Cir.1976).

VACATED and REMANDED.