UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip Warren JONES,
Defendant–Appellant.

No. 87–8604.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1988.

Thomas M. Dawson, Leavenworth, Kan., for defendant-appellant.

Wilmer Parker, III, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL and EDMONDSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Defendant Phillip Warren Jones appeals from the district court's denial of his post-appeal Rule 35 motion, which alleged that his sentencing failed to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(D). We find no Rule 32 errors in Jones' sentencing and affirm the district court order.

In 1985 a jury found Jones guilty of one count of conspiracy to possess cocaine under 21 U.S.C. sec. 846 and of two counts of possession with intent to distribute cocaine under 21 U.S.C. sec. 841(a)(1). The district court sentenced Jones to fifteen years' imprisonment and a three-year special parole term on each of the three counts, with the sentences to run concurrently.

Jones appealed his convictions but raised no Rule 32 sentencing errors in his direct appeal. We affirmed Jones' convictions. *See United States v. Cruz*, 805 F.2d 1464 (11th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987).

Then in May 1987 Jones moved pursuant to Rule 35 for resentencing. Jones claimed that his attorney raised three challenges to the presentence investigation report (PSI) at the sentencing hearing and that the district court neither made a factual finding on these points nor stated that these disputed points would not enter into the court's consideration in fixing sentence, as required by Rule 32(c)(3)(D). Because of this alleged violation of Rule 32, Jones requested resentencing. The district court denied Jones' motion. Jones now appeals this denial.

Before turning to the merits of Jones' claim, we first consider whether any procedural bar exists to preclude Jones' motion. The government contends that a defendant cannot raise Rule 32 sentencing errors in a Rule 35 motion when the defendant has already taken a direct appeal in which no such errors were raised because, under those circumstances, Rule 35 is a collateral proceeding. Both the language of Rule 35 and case law of this circuit refute this argument.

Rule 35 itself [1] allows a defendant to move for reduction of sentence within a

* Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Jones' motion was made, not under the current Rule 35 that went into effect on November 1, 1987, but under the previous version of the rule. The superseded version, which governs Jones' motion and our review of it, reads:

     *Rule 35. Correction or Reduction of Sentence*
       (a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

       (b) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a

certain period after the district court imposes sentence *or after an appellate court or the Supreme Court upholds the conviction and sentence.* A post-appeal Rule 35 motion raising only claims already rejected by an appellate court seems futile. By providing for a motion even after appeal has been taken, the rule clearly contemplates that points not raised on appeal—for whatever reason—may be raised in the post-appeal motion to the sentencing court.

Case law also supports this position. This court has already had occasion to consider the nature of a Rule 35 motion in *United States v. Shillingford,* 586 F.2d 372 (5th Cir.1978).² The *Shillingford* court stated that "a Rule 35 motion is a motion made in the original case ... a part of the appellate process from [the] original conviction rather than a collateral attack on [the] sentence." *Id.* at 375 (relying on *Heflin v. United States,* 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1959)).

We thus determine that there is no procedural bar to Jones' Rule 35 motion made after direct appeal and raising issues that could have been, but were not, raised on direct appeal.³ This conclusion is in line with that of other circuits that have considered this question. *See United States v. Weichert,* 836 F.2d 769 (2d Cir.1988) (holding that defendant could assert Rule 32 error in Rule 35 motion after direct appeal in which sentencing was not challenged); *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988) (suggesting that such a course is permissible: "Since [defendant] did not raise this [Rule 32] issue in his direct appeal and since he did not file a Rule 35 motion within 120 days of the affirmance of his conviction, he has lost both of these avenues of redress."); *cf. Parks v. United States,* 832 F.2d 1244 (11th Cir.1987) (where a defendant has pursued direct appeal, he may not raise new claims regarding sentencing procedure in

action under 28 U.S.C. sec. 2255 without showing cause and prejudice). Having determined that Jones' motion was properly before the district court, we turn to the merits of Jones' Rule 32 claims.

■ Jones contends that his counsel made proper objection at sentencing to three items contained in the PSI. First, Jones took exception to an introductory remark in the prosecution's version of the offense. The prosecution's version begins with an overall summary of the crime, noting that the drug importation scheme was international in scope and went beyond the individuals named in the indictment under which defendant Jones was charged. It continues by noting that the principal in the indictment (not Jones) "came to the attention of authorities during the investigation of several homicides."

Jones' attorney addressed this remark at sentencing by stating to the court:

> We would also contest, Your Honor, in the prosecution's version in the same paragraph that three other counsel have protested about, the homicides. There is no indication of that in the evidence, no indication whatsoever that Mr. Jones was ever found in physical possession of a firearm; that is, carrying it or he made any threats or he was an enforcer or anything of that nature.
>
> As the Court may remember, in fact, when he was finally arrested on Count Six, he had no weapons. One was found in his house or two were found in his house.

While this statement constitutes proper objection to the court, under the requirements of *United States v. Aleman,* 832 F.2d 142, 145–46 (11th Cir.1987), neither the substance of the PSI statement nor any reasonable inferences to be drawn from it about the defendant permit Jones to contest the statement under Rule 32(c)(3)(D).

permissible reduction of sentence under this subdivision.

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

**3.** We note that, because of the recent amendment of Rule 35, eliminating the provision allowing a defendant to move for correction or reduction of sentence, our decision today will be of limited effect.

It is clear from the remarks of Jones' counsel that defendant was objecting, not to the factual statement of how the principal in the indictment came to the attention of the authorities, but rather to the implication that Jones was involved in any homicides or that Jones carried any deadly weapon. Assuming (without deciding the issue) that a defendant may contest incorrect inferences to be drawn from PSI statements, we must nonetheless reject Jones' challenge to the PSI statement. The statement says nothing about Jones himself; indeed, the bulk of the prosecution's version of the indictment speaks only generally of the drug importation scheme, without specific mention of defendant Jones. Furthermore, the prosecution's version does not assert, directly or indirectly, that Jones or his co-defendants committed or helped to commit any homicides; it merely states that the principal individual named in this indictment became known to the authorities during a homicide investigation.

The importance of an accurate PSI is unquestioned. After sentencing, PSI information is later used by the Board of Prisons or the Parole Commission to determine the eventual release date of a defendant. Rule 32(c)(3)(D) is designed to ensure that factual information about a defendant in a PSI is accurate, so that future decisions about his penal treatment, based—at least in part—on PSI information, will also be fair and correct. *See* Fed.R.Crim.P. 32, Advisory Committee's Notes, 1983 Amendment.

In the present case, however, there is no information about defendant Jones in the statement of which he complains. No reasonable inference connecting Jones to homicidal acts can be drawn a) from this PSI statement alone or b) from the PSI statement in combination with other facts in the case. *Cf. United States v. Gomez*, 831 F.2d 453 (3d Cir.1987) (district court was required to take action under Rule 32 where statements in PSI regarding defendant's high level of culpability coupled with statements regarding the cash and drug records found in defendant's apartment gave rise to inference that defendant owned the cash and records found in his residence and played a major role in the drug deals). We do not read Rule 32(c)(3)(D) as obliging the district court to take action according to the provisions of the rule when the defense draws farfetched, unreasonable inferences from information in the PSI. Jones' claim on this point is therefore without merit.

■ Jones next complains of a statement in the PSI section labeled "Drug/Alcohol Abuse". The PSI states that Jones admitted to long-term use of marijuana, but denied using any other drug. It goes on to state that "[c]ontrary to what he reported during interview, the Department of Corrections records reflect that Jones admitted to the use of cocaine and stated that he felt he need [sic] drug rehabilitation." At sentencing, counsel objected to Jones' portrayal as a cocaine addict and stated that Jones was not then and had never been addicted to cocaine. Jones now complains that the district court erred in failing to make a finding about his alleged cocaine addiction.

The government contends, and we agree, that the PSI sets out no finding of fact as to defendant's substance abuse. In one short paragraph the PSI first reports defendant's own statement regarding drug abuse and then sets out what is reported in a Department of Corrections form concerning defendant.[4] The PSI does not attempt to resolve the conflict in the two statements by drawing its own conclusion about whether defendant was actually addicted to cocaine. For this reason, the district court need not make a factual finding or state that the information will be disregarded.

Jones' final challenge to the PSI concerns the assessment that, on a culpability scale ranging from 1 (highest) to 5 (lowest), Jones was a level 2 participant in the drug importation scheme. This evaluation appears in the PSI in the prosecution's version of the offense and in the assessment

---

**4.** Jones does not contend that the PSI inaccurately reports the contents of the Department of Corrections report.

of the probation officer who prepared the PSI report.

■ Jones does not contend that the PSI's summary of the prosecution's version of the crime is an inaccurate representation of the government's view of what occurred and of the role Jones played. Jones just disagrees with the prosecution's assessment of Jones' role in the drug schemes. Jones' objection to the level of culpability ascribed to him in the prosecution's version of the offense fails for the same reason that his challenge to statements regarding cocaine addiction failed: the PSI is merely reporting the prosecution's version of the crime, which is followed by defendant's version. At this point the PSI draws no conclusion as to Jones' culpability.

The second statement about Jones' participation in the drug scheme occurs in the final portion of the PSI labeled "Evaluation," under the subheading, "Probation Officer's Assessment." We stated in *United States v. Aleman*, 832 F.2d at 145, that a defendant "cannot properly make Rule 32 objections that go, for example, merely to tone, form, or style of the report or that protest obvious recommendations, *opinions, or conclusions* that are not fundamentally factual in nature." This conclusion was based on the language of the rule itself, which speaks of "factual inaccuracies," and on the language of Advisory Committee notes, indicating "that the rule contemplates challenges to 'factual propositions'." *Id.* at 144–45.

A fact is

an act, an incident, a circumstance; an action; an act or action which is the subject of testimony; action or deed; an actual happening in time or space; an actuality; an effect produced or achieved; an event; any event, mental or physical; an occurrence or event; *a reality as distinguished from supposition or opinion;* something fixed, unchangeable; a thing done; a thing done or said; the assertion or statement of a thing done or existing; a thing supposed or asserted to be done; a truth as distinguished from fiction or error; what took place, as distinguished from what might or might not have happened.

35 C.J.S., *Fact*, at 490 (1960) (emphasis added); *accord Black's Law Dictionary* 531 (rev. 5th ed. 1969) (that which has taken place); *Random House Dictionary of the English Language* 691 (unabr. 2d ed. 1987) (an actual or alleged event or circumstance, as distinguished from its legal effect or consequence); *cf. United States v. Milton*, 555 F.2d 1198, 1203–05 (5th Cir.1977) (expert witness's evaluation of appellants' roles in gambling organization, based on his interpretation of transcripts, was admissible conclusion); *Mitroff v. Xomox Corp.*, 797 F.2d 271, 274–77 (6th Cir.1986) (in employment discrimination suit, company official's statements that there was a pattern of age discrimination in that company and in other related companies was inadmissible opinion); *United States v. Thompson*, 708 F.2d 1294, 1297–99 (8th Cir.1983) (testimony of four witnesses that defendant was involved in the alleged conspiracy was admissible opinion, rationally based on each witness's perception); *United States v. Ruppel*, 666 F.2d 261, 269–70 (5th Cir. Unit A 1982) (co-defendant's testimony as to defendant's knowledge of illegal purpose was opinion but permissible on redirect to clarify statement elicited on cross-examination); *Kaye v. Pawnee Constr. Co., Inc.*, 680 F.2d 1360, 1368 (11th Cir.1982) (under Alabama fraud law, statements of value are opinion, not fact); *Connellan v. Himelhoch*, 506 F.Supp. 1290, 1296 (E.D.Mich.1981) (same under Michigan law).

■ Several characteristics of "facts" emerge from the above definition and examples. First, a fact is a historical piece of information that necessarily preexists the reporting of it. Second, a fact is distinguished from an opinion, that is, from a personal view or inference based on facts. For these reasons, only historical, objectively verifiable information reported in the PSI, antedating the report and existing independent of it, can properly be contested as a "fact" under Rule 32.

■ A probation officer's culpability rating for a defendant is not a matter that can

be fundamentally factual in nature. The words "evaluation" and "assessment" that are used to describe the culpability rating both signal that the rating is not a fact but an estimate and opinion. An evaluation is not subject to complete objective confirmation or refutal. It is based on the officer's personal view of the circumstances of each individual case, in the light of the information gathered in preparing the PSI. As part of the probation officer's evaluation of a defendant, the culpability rating is normally a conclusion that is original to the PSI report. For these reasons, the probation officer's assessment of Jones' participation in the drug conspiracy is not a "fact" and is not subject to defendant's challenge under Rule 32.

Jones did not bring a challenge to the accuracy of the PSI's presentation of the prosecution's version of the crime, and he could not properly challenge the government's or the probation officer's estimate of Jones' value to the drug importation scheme. Therefore no factual dispute confronted the district court and that court had no obligation under Rule 32 to make a finding or to state its disregard of the culpability assessment in imposing sentence.[5]

For these reasons, we determine that Jones' claims are without merit. The district court order is AFFIRMED.

**5.** As support for the idea that culpability level is a factual matter subject to Rule 32 procedures, appellant cites *United States v. Garcia*, 821 F.2d 1051 (5th Cir.1987). We distinguish that case, however, from appellant Jones' own situation and, to any degree that the cases are indistinguishable, disagree with *Garcia*.

In *Garcia*, defendant's PSI stated that "according to investigators," defendant was as culpable as the original drug supplier. Defendant Garcia wished to call a drug agent who had worked on the case and who would testify that Garcia was not one of the most culpable, but rather, only a minor facilitator. The controversy in *Garcia* potentially concerned "the reliability of the source of the evaluation." *Id.* at 1053. Garcia was challenging the accuracy of the PSI's presentation of the government's view of his guilt. Put differently, Garcia challenged as untrue the fact that "the investigators" (who did not author the PSI) believed that he was highly culpable. While *Garcia* may support a challenge to PSI errors in the reporting of another's view, it does not support Jones' position that he may challenge the opinion of the government, itself, or of the probation officer, himself, as to Jones' role in and value to the drug importation scheme.