[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2008
THOMAS K. KAHN
CLERK

No. 05-16184
Non-Argument Calendar

_____

D. C. Docket No. 88-00301-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKIE GALLO,
a.k.a. JOAQUIN OSVALDO GALLO-CHAMORRO,

Defendant-Appellant.

_____

No. 05-16185
Non-Argument Calendar

_____

D. C. Docket No. 88-08125-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN OSVALDO GALLO-CHAMORRO,
a.k.a. Robert Alario,
a.k.a. Jackie Gallo, et al.,

                                                Defendant-Appellant.


                    _____

                Appeals from the United States District Court
                    for the Southern District of Florida
                    _____

                        **(April 29, 2008)**

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

      Joaquin Osvaldo Gallo-Chamorro, a federal prisoner serving four concurrent

30-year sentences, appeals pro se the district court's denial of his motion to correct

an illegal sentence, pursuant to former Fed.R.Crim.P. 35(a) (1984) ("former Rule

35(a)").  Gallo-Chamorro argues that Blakely v. Washington, 542 U.S. 296, 124

S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220,

125 S.Ct. 738, 160 L.Ed.2d 621 (2005), confirmed that Apprendi v. New Jersey,

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does apply to

considerations under the Guidelines, including drug quantity and role enhancement

determinations, and the district court erred by finding that Booker had no

application to his two sentences imposed for conduct that occurred prior to

2

November 1, 1987,[1] which is the effective date of the Sentencing Reform Act of 1984 ("SRA"), Pub.L. No. 98-473, Title II, 98 Stat.1987 (1984). For the reasons set forth more fully below, we affirm. In addition, we deny Gallo-Chamorro's motions to expedite and to clarify.

A presentence investigation report ("PSI") was prepared for all four of Gallo-Chamorro's convictions and, at the October 11, 1991, sentencing hearing, the district court imposed concurrent sentences of 360 months' imprisonment on all four counts, "[p]ursuant to the Sentencing Reform Act of 1984."

Gallo-Chamorro appealed his convictions and sentences arguing, inter alia, that the district court erred by giving a Pinkerton[2] instruction to the jury because "the instruction violated the specialty doctrine by ignoring an express prohibition of the extradition agreement." United States v. Gallo-Chamorro, 48 F.3d 502, 505 (11th Cir. 1995) ("Gallo I"). After we affirmed Gallo-Chamorro's convictions and sentences, Gallo filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, which the district court denied and we affirmed in Gallo-Chamorro v. United States, 233 F.3d 1298 (11th Cir. 2000) ("Gallo III").

We affirmed the district court's denial of Gallo-Chamorro's first Rule 35(a)

---

[1] Two of Gallo-Chamorro's convictions (88-8125-CR, Counts 3 and 5) involved conduct that occurred prior to the effective date of the SRA, and two of his convictions (88-8125-CR, Count 7 and 88-301-CR, Count 5) involved conduct that occurred on or after the effective date of the SRA.

[2] Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

3

motion in <u>United States v. Gallo-Chamorro</u>, No. 01-13291, manuscript op. (11th

Cir. Sep. 19, 2002) ("<u>Gallo II</u>").  In <u>Gallo II</u>, we determined that former Rule 35(a)

applied to Gallo-Chamorro's arguments concerning his pre-SRA sentences.  We

concluded that Gallo-Chamorro's pre-SRA sentences were not "illegal" under

former Rule 35(a) because the statutory punishment for both counts 3 and 5 was 10

years to life, and he was sentenced to the 30-year cap imposed under the

extradition agreement; thus, the "punishment did not exceed that prescribed for

violations of § 841(a)(1), and multiple terms were not imposed for the same

offense."  We specifically concluded that there was no <u>Apprendi</u> error with regard

to Gallo-Chamorro's pre-SRA sentences because the indictment specified the drug

quantity for those charges, and Gallo-Chamorro was sentenced far below the

statutory maximum sentence of life imprisonment applicable to the quantity in the

indictment.  We also stated that, based upon <u>United States v. Harris</u>, 244 F.3d 828,

830 (11th Cir. 2001), <u>Apprendi</u> did not apply to factual findings under the relevant-

conduct provision of the Guidelines.

On January 20, 2005, Gallo-Chamorro filed the instant motion to correct an

illegal sentence, pursuant to former Rule 35(a).  Gallo-Chamorro argued in his

motion that our basis for affirmation in <u>Gallo II</u>, specifically that <u>Apprendi</u> did not

apply to determinations under the Sentencing Guidelines, was no longer valid after

4

Blakely and Booker.

In denying Gallo-Chamorro's instant former Rule 35(a) motion, the district court determined that, even though Gallo-Chamorro's two pre-SRA sentences could be challenged under former Rule 35(a), Booker had no bearing on those sentences, and that we had already determined that Gallo-Chamorro's sentences were not "illegal" and that any possible illegality was harmless. The court found that former Rule 35(a) was not available to challenge Gallo-Chamorro's post-SRA sentences, and, even if the former Rule 35(a) motion were construed as a 28 U.S.C. § 2255 motion, Gallo-Chamorro would be entitled to no relief because (1) he had previously filed three § 2255 motions, and he had not obtained the required certification to file a new one; and (2) Booker was not retroactively applicable to cases on collateral review.

After both appeals were docketed and subsequently consolidated, Gallo-Chamorro filed a motion to expedite and a motion to clarify.

"The question whether the district court had the authority to resentence the defendant under former Fed.R.Crim.P. 35(a) . . . is a legal question subject to plenary review." United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997). The district court's factual findings are reviewed for clear error, and its application of the facts to the law is reviewed de novo. Id. A motion to correct an

5

illegal sentence under former Rule 35(a) presents a direct attack on the conviction. United States v. Jones, 856 F.2d 146, 148 (11th Cir. 1988). The "harmless error" rule provides: "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed.R.Crim.P. 52(a).

Former Rule 35(a), which pertains to correcting or reducing a sentence for an offense committed prior to November 1, 1987, provides: "the [district] court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed.R.Crim.P. 35(a) (1984) (emphasis added).

The SRA repealed former Rule 35. See United States v. Jordan, 915 F.2d 622, 624 n.3 (11th Cir. 1990). Thus, former Rule 35(a) is not applicable for individuals sentenced under the SRA for conduct that occurred after November 1, 1987. Id. at 624. We have recognized "that claims presented under the previous version of Rule 35(a) are also frequently cognizable under 28 U.S.C. § 2255." Id. at 625. However, Apprendi, Blakely, and Booker do not apply retroactively on collateral review. See Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005) (explaining that Blakely and Booker do not apply retroactively on collateral review); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (explaining that Apprendi does not apply retroactively on collateral review).

6

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."  This That and the Other Gift and Tobacco, Inc. v. Cobb County, Georgia, 439 F.3d 1275, 1283 (11th Cir.2006) (citation omitted).  We have stated that:

> the only means by which the law-of-the-case doctrine can be overcome is if: (1) since the prior decision, 'new and substantially different evidence is produced, or there has been a change in the controlling authority'; or (2) 'the prior decision was clearly erroneous and would result in a manifest injustice.'

Id. at 1283-84.

Initially, Gallo-Chamorro cannot, by way of former Rule 35(a), challenge his post-SRA sentences.  See Jordan, 915 F.2d at 624.  Although Gallo-Chamorro could collaterally attack his post-SRA sentences under 28 U.S.C. § 2255, he has already filed a § 2255 motion that was denied by the district court and affirmed in Gallo III, and Gallo-Chamorro has not obtained authorization from us to proceed on a second or successive § 2255 motion.  Nonetheless, to the extent Gallo-Chamorro challenges his post-SRA sentences based on Apprendi, Blakely, and Booker, his arguments are without merit because those cases do not apply retroactively on collateral review.  See Varela, 400 F.3d at 867-68; McCoy, 266

7

F.3d at 1258.[3]

Regarding Gallo-Chamorro's pre-SRA sentences, any error that may have occurred in sentencing Gallo-Chamorro under a mandatory Guidelines scheme was harmless because his two 30-year pre-SRA sentences were imposed to run concurrently with his two 30-year post-SRA sentences.[4] Accordingly, Booker has no bearing on Gallo-Chamorro's pre-SRA sentences.

Gallo-Chamorro's motions to expedite and to clarify are **DENIED**.

In light of the foregoing, the district court's denial of Gallo-Chamorro's former Rule 35(a) motion is

**AFFIRMED**.

---

[3] Further, Gallo-Chamorro is entitled to no relief on his claim that the indictment returned against him was defective. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (noting that defects in the indictment are not jurisdictional and do not deprive a court of its power to adjudicate a particular case). In addition, we have already ruled on Gallo-Chamorro's Pinkerton argument, and that ruling is the law of the case. See This That and the Other Gift and Tobacco, Inc. v. Cobb County, Georgia, 439 F.3d at 1283; Gallo I, 48 F.3d at 506

[4] Further, no prejudice would result from applying the concurrent sentence doctrine because the $50 assessment imposed on each of the four counts was mandatory, pursuant to 18 U.S.C. § 3013. See United States v. Roberson, 897 F.2d 1092, 1097 (11th Cir. 1990) (holding that, even though defendant should have been sentenced under the Guidelines on Count 4, it was inappropriate to remand a case for resentencing for Count 4's 4-year sentence imposed to run concurrently with Count 2's 10-year sentence, even though the defendant was assessed $50 for each count, because the $50 assessment also would have been applied under the Guidelines, and, thus, there was no prejudice to the defendant).