[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11164
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 89-00362-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN GALATOLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

John Galatolo, pro se, appeals the district court's denial of his former

Fed.R.Crim.P. 35(a) ("Rule 35(a)") motion to correct an illegal sentence issued for

his conviction on Count 23 for possessing a firearm in furtherance of a drug

trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).  On appeal, he argues that his 5-year sentence is illegal because at the time he possessed a firearm in furtherance of a drug trafficking crime -- September 11, 1986 -- it had not been illegal to do so because § 924(c) had not been amended to include drug trafficking crimes until after he committed the act.  After careful review, we affirm.

The question of whether the district court had the authority to resentence a defendant under former Fed.R.Crim.P. 35(a) is a legal question subject to plenary review.  United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997).

Former Rule 35(a) applies to offenses committed prior to November 1, 1987, and provides that the "court may correct an illegal sentence at any time." Fed.R.Crim.P. 35(a).  An appeal from the denial of a Rule 35(a) motion is "a part of the appellate process from [a defendant's] original conviction rather than a collateral attack on his sentence."  United States v. Shillingford, 586 F.2d 372, 375 (5th Cir. 1978).[1]  A defendant may raise issues in a Rule 35 motion that "could have been, but were not, raised on direct appeal."  United States v. Jones, 856 F.2d 146, 148 (11th Cir. 1988).   In a Rule 35(a) motion, the date of the offense is the crucial point, not the date of the conviction.  United States v. Burgess, 858 F.2d 1512, 1513 (11th Cir. 1988).

_____

[1] We adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In <u>Hill v. United States</u>, 368 U.S. 424, 430 (1962), the Supreme Court held that Rule 35's narrow function is "to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Illegal sentences include punishment that is in excess of that prescribed by the relevant statutes, multiple terms of imprisonment imposed for the same offense, or where terms of the sentences are legally or constitutionally invalid. <u>Id.</u>

> Title 18 U.S.C. § 924(c) provides that:
>
> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i). In 1986, Congress amended § 924(c) to include drug trafficking crimes effective November 18, 1986. <u>See</u> Pub. L. 99-308 §§ 104, 110(a) (1986).

Here, the district court did not err by denying Galatolo's Rule 35(a) motion. Galatolo is correct that he possessed a firearm in furtherance of a drug trafficking crime before it was a crime to do so. However, for purposes of Rule 35(a), Galatolo may only challenge the legality of his sentence and not his underlying

3

conviction.  <u>See</u> <u>Hill</u>, 368 U.S. at 430.  Therefore, as a matter of law, Galatolo's conviction must be treated as valid.  Because a defendant who is convicted under § 924(c)(1)(A) must be sentenced to at least 5 years' imprisonment, Galatolo's 60-month sentence is not illegal.  <u>See</u> 18 U.S.C. § 924(c)(1)(A)(i).  Accordingly, we affirm.

**AFFIRMED.**

BARKETT, Circuit Judge, concurring:

The majority opinion correctly concludes that, because Galotolo's challenge goes to his conviction, not his sentence, Old Rule 35(a) does not afford him relief. Such a challenge is, at heart, a habeas claim. We cannot say whether such a claim would be successful, but trial courts may convert Old Rule 35(a) challenges into habeas claims in appropriate cases. See, e.g., Moss v. United States, 263 F.2d 615 (5th Cir. 1959).