[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12588
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-00362-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN GALATOLO,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 25, 2013)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

John Galatolo appeals the district court's denial of his *pro se* motion to

correct an illegal sentence, pursuant to former Federal Rule of Criminal Procedure

35(a).[1] " Mr. Galatolo's Rule 35 motion challenges a mandatory five-year consecutive sentence he received for a conviction of 18 U.S.C. § 924(c).

Mr. Galatolo was convicted in 1990 of numerous offenses related to drug-trafficking, including a conviction under § 924(c) for possessing a firearm in furtherance of a drug-trafficking crime. His convictions were based on events that occurred in September 1986.  In 2008, Mr. Galatolo filed his first Rule 35(a) motion, which claimed that his § 924(c) conviction was illegal because the version of § 924(c) in effect when he committed his offense did not prohibit the possession of a firearm in furtherance of a drug-trafficking crime.  The district court denied the motion and we affirmed, stating that

> Galatolo is correct that he possessed a firearm in furtherance of a drug trafficking crime before it was a crime to do so.  However, for purposes of Rule 35(a), Galatolo may only challenge the legality of his sentence and not his underlying conviction.  Therefore, as a matter of law, Galatolo's conviction must be treated as valid.  Because a defendant who is convicted under § 924(c)(1)(A) must be sentenced to at least 5 years' imprisonment, Galatolo's 60-month sentence is not illegal.

*United States v. Galatolo*, 361 F.App'x. 29, 30 (11th Cir. Jan. 7, 2010).

In his current Rule 35(a) motion, Mr. Galatolo argues that the district court erroneously imposed a mandatory five-year sentence, to run consecutive with his other sentences, by applying a version of § 924(c) that did not become effective

---

[1] Former Rule 35(a) provided that "[t]he court may correct an illegal sentence at any time" and it remains applicable to sentences committed prior to November 1, 1987. *United States v. Jackson*, 923 F.2d 1494, 1496 n.1 (11th Cir. 1991).

2

until November 1986. He contends that he should have been sentenced under the version of § 924(c) in effect in September 1986, which would have produced a sentence of imprisonment of one to ten years to run concurrently with his other sentences.  The district court summarily denied the motion.

Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).  However, we have recognized three exceptions to the law-of-the-case doctrine: "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." *Westbrook v. Zant*, 743 F.2d 764, 768-69 (11th Cir. 1984).

As our previous decision on Mr. Galatolo's 2008 Rule 35(a) motion held that his sentence under § 924(c)(1)(A) was not illegal, our review of his current Rule 35(a) motion is governed by the law of the case doctrine. None of the exceptions to the law of the case doctrine apply here. Contrary to Mr. Galatolo's argument, the version of § 924(c) in effect at the time he committed the underlying offense mandated a five-year consecutive sentence upon for a § 924(c) conviction. *See* Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, tit. II, § 1005, 98 Stat. 1837, 2138 (1984).  Our previous ruling on Mr. Galatolo's original Rule

3

35(a) was therefore not clearly erroneous. As a result, the resolution of Mr.

Galatolo's Rule 35(a) motion is controlled by the law-of-the-case doctrine and the

district court did not err in denying his current Rule 35(a) motion.

**AFFIRMED.**