925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Richard HILTON, a/k/a Stephen P. Hilton, Defendant-Appellant.
 No. 90-5054.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided Feb. 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-62-A)
 Thomas J. Foltz, Alexandria, Va., for appellant.
 Elise Caren Weinstein, Special Assistant United States Attorney, Alexandria, Va., (Argued), for appellee; Henry E. Hudson, United States Attorney, Gordon Kromberg, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 On May 8, 1987, Mark Richard Hilton applied for a passport using his brother's name. After receiving the passport under this alias, Hilton used it as identification to pass bad checks at Washington National Airport. Both state and federal charges followed. Hilton appeals the federal sentence of three years' imprisonment imposed upon his guilty plea to one count of knowingly making a false statement in the application for a passport in violation of 18 U.S.C. Sec. 1542. Finding no merit in Hilton's assertions of error, we affirm.
 
 I.
 
 2
 Because the offense to which Hilton pled guilty was committed prior to November 1, 1987, the Federal Sentencing Guidelines do not apply. See Sentencing Act of 1987, Pub.L. 100-182, Sec. 2(a), 101 Stat. 1266; United States v. Polk, 905 F.2d 54, 55 (4th Cir.1990). The scope of appellate review of pre-Guidelines sentencing decisions is generally limited to determining whether the sentence imposed was within the statutory limits for the crime of conviction. United States v. Tucker, 404 U.S. 443 (1972); United States v. Crittendon, 883 F.2d 326, 330 (4th Cir.1989). The crime for which Hilton was sentenced, 18 U.S.C. Sec. 1542, specifies a penalty of not more than five years' imprisonment, or a fine of not more than $2,000, or both. Hilton's sentence of three years' imprisonment is within this range.
 
 
 3
 Hilton has shown nothing to support his claim that error was committed. He has neither shown that the sentencing judge relied on misinformation of a constitutional magnitude in reaching his decision, see id., nor that on-the-record findings by the sentencing court related to the defendant's extraordinary family hardship are required in pre-Guidelines cases, cf. United States v. Brand, 907 F.2d 31 (4th Cir.1990), nor that the appellate court must inquire into possible vindictiveness by the sentencing court in this context, cf. United States v. Lundien, 769 F.2d 981, 987 (4th Cir.1985).
 
 II.
 
 4
 Hilton also argues that under 18 U.S.C. Sec. 3568 he was entitled to credit on his federal sentence for state time served "in connection with" the federal charge. Title 18 U.S.C. Sec. 3568, however, has never been interpreted to require credit on a federal sentence for state time served on a state sentence arising out of the same acts that led to the federal conviction. See, e.g., Goode v. McCune, 543 F.2d 751 (10th Cir.1976) (defendant owed debt to two sovereigns, each of which had right to exact payment independently). Credit for state imprisonment has been required under 18 U.S.C. Sec. 3568 only when state confinement has been the product of some action by federal law enforcement so as to justify treating the state prison as the practical equivalent of a federal one. Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir.1982); United States v. Shillingford, 586 F.2d 372, 375 (5th Cir.1978); Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir.1971). Hilton's state time served was not "in connection with" the federal charge.
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.