IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30556
Conference Calendar
_____


GENE G. RIVAS,

                                        Petitioner-Appellant,

versus

JOSEPH M. HARO; U.S. BUREAU OF PRISONS,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1523
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

      Gene G. Rivas, federal prisoner #14791-074, appeals from the denial of his petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Rivas argues that the Bureau of Prisons (BOP) has usurped the power committed to the court system by Article III by failing to credit his time in Arkansas state custody against his federal sentence.  He argues that BOP's action illegally extended his 240-month federal sentence to 262 months.  Rivas's letter pursuant to FED. R. APP. P. 28(j) is STRICKEN.

_____

      [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing courts are not authorized to compute credit under 18 U.S.C. § 3585(b); the Attorney General is to make credit awards through the BOP after sentencing. "[T]he Attorney General is ordinarily not required to give credit toward a federal sentence for time spent by a prisoner serving a sentence imposed by another jurisdiction for an unrelated offense." *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982). However,

> [t]ime spent in state custody, even if for an unrelated offense, must be credited toward time served on a federal sentence "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one."

*Id.* (citation omitted). The prisoner bears the burden of showing that this is the case. *Id.*

Rivas has not shown that his state imprisonment was the result of any federal action. Moreover, the time Rivas spent in state prison was credited to his state sentence. The statute precluded that time being credited to his federal sentence. 18 U.S.C. § 3585(b).

AFFIRMED.