**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3498
_____

FELICIANO NIEVES,
                                Appellant
v.

WILLIAM SCISM, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02308)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2013
Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: May 31, 2013)
_____

OPINION
_____

PER CURIAM

    Pro se appellant Feliciano Nieves seeks review of the District Court's order

denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

reasons discussed below, we will affirm.

    On March 3, 1995, Nieves was arrested in New York on state drug charges and

released on bail on March 16, 1995.  While out on bail, Nieves was arrested by New

York City authorities on April 8, 1995, for another drug offense; he was released on bail on June 2, 1995. On September 14, 1995, Nieves was arrested for a bail violation and thereafter remained in state custody. He was convicted and sentenced to six to 12 years of imprisonment on the first drug offense, and four and a half to nine years on the second, with sentences to run concurrently.

On May 12, 1997, Nieves was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum to face federal drug charges in Puerto Rico. Nieves was convicted of conspiracy to possess with intent to deliver cocaine and heroin. On April 15, 2002, he was sentenced to 360 months of imprisonment "to be served concurrently with the local sentence being served in the State of New York." He was returned to state custody on May 21, 2002, and following the completion of his state sentences, he was transferred back into federal custody on September 11, 2003.

Nieves filed his habeas petition seeking credit against his federal sentence for time served in state custody. Because Nieves' claim challenges the Federal Bureau of Prison's ("BOP") calculation of sentence credits, it is cognizable in a § 2241 petition. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981). It is clear that he exhausted all of his administrative remedies and therefore the petition was ripe for review. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the denial of Nieves' habeas petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In the instant case, the BOP correctly determined that, pursuant to § 3585(a), Nieves' federal sentence commenced on April 15, 2002, the date the sentence was imposed. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Nieves asserts that he is entitled to credit for all of the time served on his state sentence because the federal offense pre-dated that sentence and the District Court intended for the sentences to run concurrently. Section 3585 allows for credit toward a sentence "for any time [a defendant] has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b)(2) (emphasis added). It is therefore clear that an inmate cannot receive double credit for time served. See Wilson, 503 U.S. at 337. Nieves was given "Willis"[1] credit from the date of the

---

[1] See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

federal offense (March 1, 1995) through the day before the state sentence began (January 9, 1996) (excluding the days he was out on bail), for a total of 189 days. He cannot receive double credit for the time period thereafter when he was serving his state sentence. Moreover, under 3585(b), Nieves was not entitled to time served on his federal detainer as that time period was credited against his state sentence. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other ground by statute as recognized in United States v. Saintville, 218 F.3d 246 (3d Cir. 2000)).

Nieves maintained that the sentencing court intended for his federal sentence to run retroactively concurrent to the state sentence pursuant to United States Sentencing Guideline § 5G1.3(b). Under this guideline, a court may adjust a sentence to account for time served on an undischarged term of imprisonment resulting "from another offense that is relevant conduct" if that period will be not be credited to the federal sentence. § 5G1.3(b). Nieves presented this same argument in a motion to correct his sentence. We agree with the First Circuit, which affirmed the denial of the motion, that there is "no support in the record" to conclude that the sentencing court intended an adjustment in accordance with § 5G1.3(b). See United States v. Nieves, C.A. No. 07-2123 (1st Cir. 2008). Although the sentencing court stated that the federal sentence was to be

4

concurrent with the state sentence, it did not express an intent to impose a retroactively concurrent sentence. See Ruggiano v. Reish, 307 F.3d 121, 131-32 (3d Cir. 2002) (superseded on other grounds by U.S. Sentencing Guidelines Manual § 5G1.3(c) cmt. 3(E)); Rios, 201 F.3d at 267-68. Contrary to Nieves' contention, a concurrent sentence is not automatically retroactively concurrent. Nieves argues that the District Court should have transferred the petition to the sentencing court for clarification on this point. This was not necessary, as the record is clear. A review of the sentencing transcript reveals no evidence of an intent to impose a sentence that was retroactively concurrent, and indeed no evidence that the state court convictions were even "relevant conduct" for purposes of § 5G1.3(b). See Ruggiano, 307 F.3d at 133 (in interpreting a sentencing court's statements, Court of Appeals inspects the sentencing transcript as well as the judgment of sentence).

Finally, Nieves argued that he was entitled to credit for the seven-month delay between the date he was eligible for parole, September 11, 2001, and the date of his federal sentencing, April 15, 2002, because the federal detainer prevented him from being considered and released for state parole. Although § 3585 generally prohibits the award of "double credit," it is clear that credit toward a federal sentence must be given where the federal detainer alone caused continued state confinement. See Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982) (credit against federal sentence required "if the continued state confinement was exclusively the product of such action by federal law-enforcement

5

officials as to justify treating the state jail as the practical equivalent of a federal one.")
(citation and quotation marks omitted). Nieves' belief that he *may* have been granted
earlier release on parole had he been in the custody of New York State in September
2001, however, is simply insufficient to mandate that the BOP award such credit.
Moreover, although the sentencing court had the authority to account for this time period,
there is no support for the argument that it intended to do so. The District Court's order
will therefore be affirmed.