**ALD-027** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3422
_____

ANDRE MYERS,

Appellant.

v.

WARDEN MARIANA, FCI Loretto

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 13-cv-00030)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: November 21, 2013)
_____

O P I N I O N
_____

PER CURIAM

Andre Myers appeals from an order of the United States District Court for the

1

Western District of Pennsylvania that denied his petition for a writ of habeas corpus. We will summarily affirm because no substantial question is presented by this appeal.

Myers was arrested on a federal offense in November 1999 and released on bond 11 days later.[1] On March 8, 2000, Myers was arrested by New York authorities for a parole violation. Myers was transferred from state parole custody to the New York State Department of Corrections on June 9, 2000, to continue service of his original state sentence. The State credited Myers with 93 days of jail time for the period of March 8, 2000 through June 8, 2000. The state parole board issued a notice on February 5, 2001, indicating that Myers had an "open date," or "earliest release date" of March 8, 2001.

On March 12, 2001, while in state custody, Myers was "borrowed" on a writ of habeas corpus *ad prosequendum* to answer the federal charges. Myers was convicted following a jury trial and was sentenced to a 235-month term of imprisonment. The judgment did not specify whether it was to run concurrent or consecutive to any other sentence.[2] Myers was returned to state authorities on November 29, 2001. Myers was released to federal custody on January 18, 2002, his maximum release date.

Myers filed this habeas petition seeking credit against his federal sentence for time served in state custody from March 9, 2001 to January 18, 2002. Because Myers' claim challenges execution of his sentence, it is cognizable in a § 2241 petition. See McGee v.

---

[1] The Federal Bureau of Prisons ("BOP") later credited Myers' federal sentence for these 11 days. On March 14, 2000, Myers was indicted and an arrest warrant was issued for his violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm and ammunition).

[2] Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"; see also BOP Sentence Computation Manual at 31-33.

Martinez, 627 F.3d 933, 935 (3d Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the denial of Myers' habeas petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In calculating a federal prisoner's sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In the instant case, the BOP correctly determined that pursuant to § 3585(a), Myers' federal sentence commenced on January 18, 2002, the date he was released to federal custody for service of his sentence. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."). Pursuant to § 3585(b), the BOP must give a defendant credit for any time that he spent in official detention prior to the date on which he commenced service of that sentence, as a result of the offense for which the sentence was imposed or any other charge for which he was arrested after he committed that offense, that has not been credited against another sentence. That section expressly prohibits awarding a prisoner "double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). As the District Court determined, all of the time that Myers served in custody has been credited toward either his state or his federal sentence, and he is not entitled to any additional credit.

Myers argues that he is entitled to credit for the ten-month delay between the date he was first eligible for parole and the date he was released from state custody, because the federal detainer prevented him from being considered and released for state parole.

3

Although § 3585 generally prohibits the award of "double credit," some federal courts have held that credit toward a federal sentence should be given where the federal detainer alone caused continued state confinement. See Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982) (credit against federal sentence required "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one.") (citation omitted).[3] We need not determine whether we would follow such reasoning, as Myers' belief that he *may* have been granted earlier release on parole had he been in the custody of New York State in March 2001 is not supported by the record,[4] and is simply insufficient to mandate that the BOP award such credit. Moreover, although the federal sentencing court had the authority to account for this time period, there is no support for the argument that it intended to do so.

As no substantial question is presented on appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Shaw was decided before § 3585 was amended to explicitly prohibit double credit.

[4] Myers relies on Rosemond v. Menifee, 137 F. Supp. 2d 270 (S.D.N.Y. 2000), where a petitioner was borrowed on a federal writ just two days prior to his conditional release date from state custody. The state was without authority to release him while he was in temporary federal custody pursuant to the writ, but when he was returned to state custody, the state released him just two days later. Given the facts presented, the Rosemond court held that the BOP could not "unilaterally lengthen a petitioner's state sentence by use of a federal writ," and that "to deny petitioner credit toward his federal sentence--for time that was not credited toward his state sentence which was lengthened solely by the actions of the federal authorities--would represent a manifest injustice." Id. at 275. In contrast here, federal authorities did not "borrow" Myers until four days *after* his earliest release date. And once Myers was returned to state authorities, they did not immediately release him, but waited until the day of his maximum release date, suggesting that the delay in his release was not due to any action by federal authorities.

4