BLD-277                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3562
_____

CORY McKENSTRY,
                                                        Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:14-cv-01875)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  July 29, 2015)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Cory McKenstry, a federal prisoner proceeding pro se, appeals from the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In March 2005, local authorities in Baltimore City, Maryland, arrested McKenstry for narcotics and weapons offenses. Because McKenstry was on probation at the time in two other state cases, the State of Maryland issued probation violation warrants against him.[1]

Additionally, in light of McKenstry's firearm- and drug-related conduct, the United States, in June 2005, filed a criminal complaint against McKenstry in the United States District Court for the District of New Jersey, charging him with possession of a firearm by a prohibited person and possession with intent to distribute cocaine base.[2] Beginning in July 2005, the District Court issued a series of writs of habeas corpus *ad prosequendum*, effected by the U.S. Marshals Service, to secure McKenstry's presence for various events in the federal criminal proceeding against him. At a September 2005 hearing, McKenstry pleaded guilty to the federal firearms offense.

---

[1] In response to McKenstry's habeas petition, the Government attached documents showing that probation violation warrants were served in both cases on April 22, 2005.

[2] As a result of those federal charges, the Circuit Court of Baltimore City issued a nolle prosequi for the local charges brought against McKenstry arising from his March 2005 arrest.

In September 2007, Maryland authorities conducted a hearing on McKenstry's probation violation in one of his cases and found him guilty.[3] As a result, he was sentenced to nine years of imprisonment. In November 2007, McKenstry was sentenced in the District Court on the federal firearms conviction to 100 months of imprisonment to run consecutively to any outstanding sentence, state or federal, defendant was then serving.

Thereafter, McKenstry remained in service of his nine-year state sentence – and in the physical custody of Maryland authorities – until his release from that sentence on November 10, 2011. Following his release, McKenstry was turned over to the United States Marshals Service pursuant to a detainer to commence service of his federal sentence. The Bureau of Prisons ("BOP") calculated McKenstry's federal sentence as beginning on November 10, 2011, the date on which he was released from his Maryland state sentence and turned over to the custody of federal authorities. McKenstry was given prior custody credit of 40 days – from March 11, 2005 to April 19, 2005 – because that time had not been previously counted toward any sentence. He has a projected release date of January 2, 2019.

McKenstry disputed the BOP's computation of his sentence, arguing that he should have been given additional credit for the period between April 20, 2005 and September 25, 2007 (following his arrest in Baltimore City, Maryland). Although

---

[3] The other case was resolved and terminated on September 9, 2006.

McKenstry was not sentenced on the federal charge until November 16, 2007, he seemed to assert that his federal sentence had, in fact, commenced on the date of his arrest, or that he had been in federal custody from that time.

After unsuccessfully pursuing administrative relief from the BOP, McKenstry filed a petition for a writ of habeas corpus challenging the BOP's execution of his federal sentence. See 28 U.S.C. § 2241; Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). The District Court denied the petition, and McKenstry timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. A certificate of appealability is not required to appeal from the District Court's order denying the § 2241 petition in this case. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We review a District Court's denial of habeas corpus relief de novo. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody

credit cannot be double counted.  Wilson, 503 U.S. at 337 (a defendant cannot "receive a double credit for his detention time"); see also Vega, 493 F.3d at 314.

The District Court correctly determined that McKenstry is not entitled to the additional credit he seeks.  The Court properly concluded that the period of time that McKenstry sought as a credit related to a period when he was in the primary custody of Maryland, and that period was credited to his state sentence.[4]  As correctly determined by the Court, the BOP complied with § 3585(a) in calculating McKenstry's federal sentence commencement date as November 10, 2011, because this was the date he was turned over to federal authorities.  18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at

---

[4] Indeed, McKenstry does not dispute that the period from April 20, 2005 until September 25, 2007 (the period that he believes should be applied to his federal sentence) was applied to his state sentence.  As mentioned, McKenstry *was* given credit on his federal sentence for the period from March 11, 2005 to April 19, 2005, because those forty days had not been applied to any previous sentence.  Although limited exceptions to the prohibition of double credit can arise when an individual's federal sentence runs concurrently with his state sentence, see Kayfez v. Gasele, 993 F.2d 1288, 1289 (7th Cir. 1993); Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971) (per curiam), no such exception applies here because McKenstry's federal sentence ran consecutive to his state sentence.  And, although some courts have held that double credit can also be awarded where a federal detainer alone caused the state confinement, see, e.g. Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982), we need not rule if credit is possible in such a case.  In this case, the record does not support a conclusion that McKenstry was held on a federal detainer alone.  First, the state issued charges against him, and then, starting before the charges were nolle prossed, the state held him on warrants for his probation violations.

5

which the sentence is to be served."); see also United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990).

Additionally, a prisoner detained pursuant to a writ of habeas corpus *ad prosenquendum* remains in the primary jurisdiction of the first jurisdiction—in McKenstry's's case, the State of Maryland—"unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000; BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosenquendum* writs do not effect a transfer to federal custody). See also Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."). Here, Maryland did not relinquish jurisdiction prior to the time that McKenstry completed his state sentence. Thus, to the extent that McKenstry also claimed that he was entitled to credit toward his federal sentence for the period in question on those grounds, the District Court correctly denied relief.

Accordingly, we will affirm the judgment of the District Court.